413 So.2d 788 (1982)
Bethany B. VICKERS, Appellant,
v.
Robert L. VICKERS, Appellee.
No. 81-2276.
District Court of Appeal of Florida, Third District.
April 6, 1982.
*789 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul A. Louis, Bayard E. Heath and John L. Zavertnik, Miami, for appellant.
Robert I. Spiegelman, Miami, for appellee.
Before SCHWARTZ and NESBITT, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
SCHWARTZ, Judge.
In making a temporary alimony and child support award of $215 biweekly, plus half the mortgage payments on the parties' home for which the husband was obligated anyway, the trial judge observed that "the only thing I am doing is keeping everybody alive until the final hearing." This just-prevent-them-from-going-to-the-poorhouse- until-the-case-is-over view of the legal principle controlling pendente lite awards, which is directly reflected in the inadequacy of the sums provided, is both widely held and thoroughly wrong. The correct standard by which these amounts are to be assessed is instead the familiar one which balances needs as fixed by the parties' standard of living, on the one hand, and ability to pay, on the other. In Belcher v. Belcher, 271 So.2d 7, 11 (Fla. 1972), the supreme court approved a temporary award under which
the husband must continue to support his wife during coverture by paying generally the same expenses (omitting long range and vacation items) and by paying amounts he had been providing prior to their separation... .
The court stated further:
The historical balance of `need and ability' remains as the formula in determining alimony during coverture. This principle is repeatedly cited in the authorities as the basis for alimony, support and attorney's fees to the wife from a husband more able to pay; it continues to undergird support provisions despite the present changes in our divorce laws (now `dissolution of marriage').
The order under review was thus not based upon a properly-founded exercise of discretion, but upon an error of law, see Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980); compare Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and cannot therefore be permitted to stand.
There is no reason, however, to require either a further hearing as to temporary relief or that the trial court exercise its discretion upon the appropriate standard.[1] This is because for over six months *790 after they separated, Vickers voluntarily sent his wife approximately $1,600 per month without order of court.[2] He ceased doing so  an act which inspired the proceedings below  not because of any change in Ms. Vickers' needs or his ability, but because he was informed by counsel that he need not continue. In Belcher, the court stated, as we have seen, that the husband must continue to pay his wife roughly the same amounts he did before separating. The present situation is therefore an a fortiori one. The parties have jointly recognized that $1,600 monthly is within the husband's ability and satisfies the wife's needs, completely in tune with the Belcher test as to a post-separation temporary award. Accord, Jelke v. Jelke, 233 So.2d 408 (Fla. 3d DCA 1970), cert. denied, 238 So.2d 107 (Fla. 1970). In the virtually admitted absence of any basis to depart from the Vickers' own conclusions to this effect, we reverse the order below and remand the cause with directions that appellee be required to pay $1,600 per month in temporary alimony and support.
Reversed and remanded with directions.
NOTES
[1] The case, which we are told has not even yet been set for final hearing on the financial aspects of the dissolution, has already been inordinately delayed below by the continuing controversy over the misnamed "temporaries" and by, inter alia, the fact that, even though extensive testimony on temporary relief had been taken before the trial judge, the action was submitted to a master for a so-called "pre-trial hearing" and recommendation as to the final judgment.
[2] The $1,600 figure included all of the mortgage payments. In the final judgment, Vickers should therefore be credited with his wife's half of those payments which he has voluntarily made and which he will be ordered to make as a result of this opinion. Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981).