421 So.2d 749 (1982)
Lucille WEASEL, Appellant,
v.
George E. WEASEL, Jr., Appellee.
No. 81-1906.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
*750 Robert S. Levy, West Palm Beach, for appellant.
Michael J. Ferris of Beverly & Freeman, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
The trial court denied appellant's motion for temporary relief, suit money and attorney's fees. We reverse and remand on the authority of Belcher v. Belcher, 271 So.2d 7, 10 (Fla. 1972), which held with respect to the issue of "adequate care" in determining temporary alimony:
The measure of adequate care is the historical need of the wife, ability of the husband to pay and their standard of living (footnote omitted).
See also Vickers v. Vickers, 413 So.2d 788 (Fla. 3d DCA 1982).
Unfortunately, the trial judge never gave due consideration to the standard of living to which appellant was accustomed and short circuited the testimonial portion of the hearing before appellant was able to present all of her evidence upon the issue of temporary alimony or any evidence upon the issue of temporary attorney's fees and suit money. He informed the parties that he had not reviewed appellant's financial affidavit, referred to her "petition" as a waste of time, and remarked that there were other people with real problems waiting to be heard.
Appellant's wealth was apparently the cause of her demise in the trial court, as her financial affidavit reflected assets in excess of $2,000,000, notwithstanding allusions to her husband's excessive wealth in comparison. We use the word "allusions" because the trial judge stopped the testimony before there was any evidence of appellee's wealth. Appellee neither filed a financial affidavit nor appeared at the hearing. His counsel informed the trial court that his client was financially able to provide support. The trial judge suddenly halted the testimony, apparently convinced that if appellant desired to maintain the standard of living set for her by appellee, she could sell her capital assets. The evidence in the brief testimonial portion of the transcript indicates appellant's cash was less than $15,000 but her monthly expenses were in excess of $33,000. The trial judge appeared to equate bonds with the term "liquid assets," indicating his reliance upon Grace v. Grace, 162 So.2d 314 (Fla. 1st DCA 1964). As the liquid assets in Grace were bank accounts and not securities, we are hard pressed to see how the trial court determined Grace to be authority for the proposition that securities were liquid assets.
While appellant's apparent life style may be overwhelming to most people, she was entitled to her day in court, and it was *751 denied her. Accordingly, we reverse the trial court's order and remand the cause with directions to order such amount of temporary alimony, nunc pro tunc July 1, 1981, as the application of Belcher and Vickers to the relevant facts herein require and to award temporary attorney's fees as requested on appeal and suit money in a reasonable amount as the testimony taken establishes.
DELL, J., concurs.
LETTS, C.J., concurs in conclusion only as to the opinion and dissents as to the award by this court of attorneys fees in response to appellant's motion for same.