463 So.2d 447 (1985)
Deborah HERR, Appellant,
v.
Larry HERR, Appellee.
No. 84-2119.
District Court of Appeal of Florida, Fourth District.
February 6, 1985.
Howard S. Miller of Howard S. Miller, P.A., Hollywood, for appellant.
Eleanor Levingston Schockett and Jennifer Armstrong West of Eleanor Levingston Schockett, P.A., Miami, for appellee.
DELL, Judge.
In this dissolution of marriage suit, the general master recommended that the wife receive $2,000 temporary support for herself and the parties' two children. The trial court granted the husband's exceptions to the general master's report, and the wife appeals.
The general master's report made findings of fact as to the amount of income each party earned. It made no finding of fact as to the needs of the wife and children. It also said
That the Court can compute the lifestyle of the parties pursuant to Vickers vs. Vickers, [413 So.2d 788 (Fla. 3d DCA 1983)] but the Husband is living elsewhere *448 and has present income problems such that an award of support may be more than the Husband can afford but less than the Wife needs.
The meaning of this paragraph is not entirely clear. If it constitutes a finding that the husband does not have the ability to pay, then the master erred by recommending an award which his findings of fact do not support. If it is a conclusion that Vickers authorizes awards of temporary support in excess of a party's ability to pay, then the conclusion is legally incorrect. Either reason could have provided a legally sufficient ground to grant the husband's exceptions. However, the trial court granted the exceptions for a different reason: because it found the master's award to be "over generous," citing Vickers.
In Vickers, the district court specifically disapproved the keep-everybody-alive-until-final-hearing approach to temporary support.
The correct standard by which these amounts are to be assessed is instead the familiar one which balances needs as fixed by the parties' standard of living, on the one hand, and ability to pay, on the other.
Id. at 789.
Measured against this standard, both the master's recommendation and the judge's order are deficient. Therefore we reverse and remand the cause to the trial court with instructions to conduct such further hearings as may be necessary to determine the needs of the wife and children as well as the husband's ability to pay, and to enter an order based upon those factual determinations.
ANSTEAD, C.J., and HERSEY, J., concur.