492 So.2d 783 (1986)
Marie Ruth LUSKIN, Appellant,
v.
Paul LUSKIN, Appellee.
No. 4-86-1424.
District Court of Appeal of Florida, Fourth District.
August 6, 1986.
*784 Barry S. Franklin, of Young, Stern & Tannenbaum, P.A., North Miami Beach, for appellant.
Sam Daniels, A.J. Barranco, Jr., and Peter H. Kircher of Barranco, Kellough and Kircher, P.A., Miami, for appellee.
PER CURIAM.
This is an appeal by the wife in a dissolution of marriage action of the trial court's non-final order denying her motion to compel the husband to pay private school tuition and summer camp expenses for the parties' two minor children. We reverse.
The record before us reveals that the parties separated in November 1985, and the wife petitioned for dissolution of marriage a short time later. The parties stipulated to appointment of a guardian ad litem to make recommendations to the court with regard to the children. One of the guardian ad litem's recommendations was that the children continue to attend private school and summer camp, as they had in past years, in the interest of minimizing the disruption to their lives caused by their parents' separation.
The trial judge ratified the guardian ad litem's report, but did not include payment of tuition and camp expenses in his order providing for temporary support for the wife and children. The wife then moved to compel the husband to pay these amounts. The trial judge denied the motion, concluding that notwithstanding his prior ratification of the guardian ad litem's findings in this regard and the husband's ample ability to pay for private school and summer camp, he could not order payment of expenses which are not necessities. This appeal followed.
We conclude that the trial court's holding was based upon an erroneous legal premise. The proper standard to be applied in awarding temporary support is a balancing of "needs as fixed by the parties' standard of living, on the one hand, and ability to pay, on the other." Vickers v. Vickers, 413 So.2d 788 (Fla. 3d DCA 1982) (emphasis added). See also Herr v. Herr, 463 So.2d 447 (Fla. 4th DCA 1985); Weasel v. Weasel, 421 So.2d 749 (Fla. 4th DCA 1982). Where, as here, the husband has the ability to pay private school tuition and summer camp costs, and these expenses are in accordance with the family's customary standard of living and are in the children's best interests, they may properly be awarded as support. See Kaufman v. Kaufman, 491 So.2d 584 (Fla. 3d DCA 1986); Ault v. Ault, 431 So.2d 302 (Fla. 2d DCA 1983); Hendry v. Hendry, 340 So.2d 942 (Fla. 4th DCA 1976).
Accordingly, we reverse the trial court's order denying the wife's motion to compel and remand for reconsideration of this matter in accordance with the principles set forth herein.
REVERSED and REMANDED WITH DIRECTIONS.
DOWNEY, ANSTEAD and DELL, JJ., concur.