ON MOTION FOR REHEARING
DOWNEY, Judge.
Appellant’s petition for rehearing is granted and our opinion of June 11, 1986 is withdrawn and the following opinion is substituted in its place.
This is a timely appeal from two non-final orders entered by the lower court restoring appellee/husband as the occupant of the marital home and awarding appellant/wife temporary support, attorney’s fees, and suit money.
These parties had been married for only six months, though they had lived together periodically over a period of three years. The husband is wealthy by most standards and the wife has neither assets nor income. He was allowed to remain in the marital home upon finding comparable housing for the wife, and was also required to pay her $3,000 a month for rent and temporary support. The wife contends the amount of temporary alimony is inadequate particularly in view of the standard of living enjoyed by the parties during the marriage. The factors to be used in determining the appropriate award of temporary alimony are the standard of living enjoyed by the parties during the marriage together with the wife’s needs and husband’s ability to pay. Belcher v. Belcher, 271 So.2d 7 (Fla.1972). We are unable to determine whether the trial court considered these factors in arriving at the award of temporary alimony. Thus further consideration thereof appears indicated.
The wife also complains that the court erred in its award of temporary attorney’s fees of $4,000 and $2,000 costs. The uncontradicted evidence in the record is that a reasonable temporary fee would be $16,000, considering a rate of $200 per hour; that thirty hours had already been consumed by counsel; and the witness opined another fifty hours would probably be required to conclude the case. The expert also testified that discovery of the husband’s estate would be difficult and a C.P.A. testified it would take forty to seventy-five hours of his time to properly demonstrate the husband’s financial picture.
While the court is not bound by expert testimony regarding attorney’s fees, neither can it be totally ignored. Thus, on the record, we hold that the allowance of only $4,000 temporary fees was an abuse of discretion.
Accordingly, the order awarding attorney’s fees is reversed and remanded for further consideration. On remand the trial court is also requested to further consider the evidence in the light of the factors mentioned in Belcher and make sufficient findings of fact to support his conclusion regarding the appropriate award of temporary alimony.
DELL and GUNTHER, JJ., concur.