512 So.2d 275 (1987)
Bruce B. WENZEL, Appellant,
v.
Barbara H. WENZEL, Appellee.
No. 87-1300.
District Court of Appeal of Florida, Fourth District.
September 2, 1987.
Rehearing Denied September 29, 1987.
Odette Marie Bendeck of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, for appellant.
Ronald Sales of Law Office of Ronald Sales, P.A., West Palm Beach, for appellee.
PER CURIAM.
The husband appeals a non-final order awarding temporary alimony in a dissolution of marriage action. We reverse.
In determining whether and to what extent an award of temporary alimony is proper, the court must be governed by the wife's needs as established by the parties' standard of living during the marriage and the husband's ability to pay. Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); Fitterman v. Fitterman, 502 So.2d 8 (Fla. 4th DCA 1986); Weasel v. Weasel, 421 So.2d 749 (Fla. 4th DCA 1982).
*276 The record of the hearing for temporary relief in the instant case reveals that the amount of temporary alimony awarded by the trial court not only exceeds the amount requested by the wife but also appears to exceed the standard of living established by the parties during the marriage. It is clear that the wife is a woman of substantial financial worth who during the course of the marriage also contributed to the parties' standard of living. The amount of temporary alimony awarded indicates that the trial court failed to consider the wife's past contributions to the marital finances as well as her ability to contribute to her own support.
Therefore, considering the wife's ability to contribute towards her own support, and the fact that the wife requested temporary alimony in an amount less than the award, it was an abuse of discretion for the trial court to award the wife $4,000 per month as temporary alimony.
We reverse and remand for further proceedings.
REVERSED AND REMANDED.
GUNTHER, and STONE, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
The majority paints its discussion of the parties' standard of living  and the trial court's alleged omission with respect to same  with such a broad brush that it may well impact upon the final hearing, notwithstanding the rushed preliminary setting in which the temporary order was entered five weeks after the petition was filed. My reason for concurring is that the wife asked for only $3,518.12 per month; and neither the trial court nor appellee expressed or explained to my satisfaction how the award of $4,000 is justified.
It is difficult to fault the trial court in these temporary rulings, given the emergency room atmosphere here of a 34 minute hearing and the disparity in the parties' adversarial positions. The husband contended at the hearing that the wife was not entitled to any temporary alimony. His motion for rehearing contended that at most the wife's needs are $2,373.38 per month. On appeal, he reduced that figure to $1,773.38. The wife's brief raised an issue of taxes which may not have any relevance whatever. Nevertheless, at the hearing the trial court had neither the inconsistent series of expense estimates provided at different times by the husband, nor the wife's recent contention concerning taxes.
If the court was in the position of an emergency room physician, lawyers in these preliminary matters are in the emergency room to assist. I realize what a difficult logistical situation it must be for all concerned. The wife may want as much as possible; the husband may want her to have as little as possible. Each may be there "to win," acting desperately and despairingly. I can only hope that lawyers first genuinely seek to diffuse such combat, rather than profit from it; and that any decision by the trial court rendered in such volatile atmosphere is not carved in stone when the final hearing takes place.