533 So.2d 922 (1988)
Richard W. FIELDS, Appellant,
v.
Florence S. FIELDS, Appellee.
No. 88-1643.
District Court of Appeal of Florida, Second District.
November 16, 1988.
*923 Andrew J. Rodnite, Jr., of Park, Smith, Dayton & Bugg, P.A., Clearwater, for appellant.
Thomas P. Colclough of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellee.
PARKER, Judge.
Richard Fields, the husband, appeals the trial court's nonfinal order awarding temporary alimony support to his wife, Florence Fields, in the amount of $1,000 per week. Although the husband alleges two errors by the trial court, we address the one which is dispositive and reverse.
Sometime after the wife filed a petition for dissolution of the parties' marriage, she sought an award of temporary alimony for support and attorney's fees. At the temporary support hearing, the testimony revealed that the parties had been married for twenty years. The husband was employed out of the state of Florida. For more than one year preceding the filing of the wife's petition, the husband sent to the wife his entire weekly paycheck of approximately $1,200, from which the wife would pay the household bills, and thereafter send the husband $200 per week for his out-of-pocket expenses. For the last four months before the support hearing, the husband ceased sending his weekly salary to the wife and initially provided the wife $200 per week and eventually $175 per week. The parties' financial statements revealed that the wife had a weekly net income of approximately $91.35 with expenses of $1,000 per week, while the husband's net earnings were approximately $984 per week with weekly expenses of $905.
At the hearing, the wife corroborated her figures and explained that checks that she had drawn for her household expenses had bounced because the husband had removed $8,500 from their joint bank account and had substantially reduced his weekly payments to the wife. The husband was unable to attend the hearing, and his request for a continuance so that he could attend the hearing was denied by the trial court.
At the conclusion of the hearing, the trial court ordered the husband to pay $1,000 a week support to the wife. We find that was error for two reasons. First, *924 from the record it appears as though the court did not apply the appropriate test as stated in Luskin v. Luskin, 492 So.2d 783, 784 (Fla. 4th DCA 1986) (quoting Vickers v. Vickers, 413 So.2d 788, 789 (Fla. 3d DCA 1982)) that "[t]he proper standard to be applied in awarding temporary support is a balancing of `needs as fixed by the parties' standard of living, on the one hand, and the ability to pay on the other.'" As conceded by the wife on appeal, the court apparently was influenced by the fact that the husband had been sending the wife his $1,200 weekly paycheck during the first year of their separation from which she would pay all their mutual bills and then send him $200 per week for his own expenses. This would certainly explain the court's automatic award of $1,000 per week to the wife. However, the previous course of conduct of the parties is not the correct standard for assessing a temporary support award. Vickers. Second, even without considering the husband's expenses as he attested in his affidavit, his net weekly salary of $984 does not sustain the present award since it exceeds his earnings. See Herr v. Herr, 463 So.2d 447 (Fla. 4th DCA 1985) (court may not authorize temporary support award in excess of party's ability to pay).
The temporary support order is therefore reversed, and the case remanded for the trial court to apply the appropriate test set out above for entering an award of support pending the dissolution of the parties' marriage. In arriving at a proper award using the correct standard, the trial court is directed to consider the financial circumstances of the parties at two separate points in time. First, the court must examine the parties' finances as they existed at the time of the temporary alimony hearing to determine what was a proper award at that time and apply that award prospectively to the second point in time, which refers to the time of the hearing on remand. Stated differently, if the appropriate amount at the time of the original hearing was less than $1,000 per week, the court should credit the husband with any excess amount that he paid for support until the date of the hearing on remand. If the parties' situation has changed on remand, the trial court then must assess the proper support amount based on those changed circumstances to be effective from the date of the hearing on remand.
REVERSED AND REMANDED.
CAMPBELL, C.J., and SCHEB, J., concur.