573 So.2d 423 (1991)
Michael M. HORTON, Appellant,
v.
Donna F. HORTON, Appellee.
No. 90-2535.
District Court of Appeal of Florida, Third District.
January 29, 1991.
*424 Weinstein & Preira and Richard Preira, Miami Beach, for appellant.
Robin L. Kozin, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
BASKIN, Judge.
Michael Horton appeals an order granting his wife's motion for temporary child support. We reverse.
After the husband filed a petition for dissolution of marriage, the wife filed a motion for temporary support, requesting temporary alimony, child support, and attorney's fees. At the hearing on the wife's motion, the trial court denied the husband's request to present evidence, postponing the taking of evidence until the final hearing. Consequently, the trial court entered its order awarding temporary child support without considering evidence concerning the needs of the parties and the husband's ability to pay.[1]
In considering pendente lite awards "[t]he correct standard by which these amounts are to be assessed is ... the familiar one which balances needs as fixed by the parties' standard of living, on the one hand, and ability to pay, on the other." Vickers v. Vickers, 413 So.2d 788, 789 (Fla. 3d DCA 1982); see Belcher v. Belcher, 271 So.2d 7 (Fla. 1972). Because the trial court erred in denying the husband the opportunity to present testimony and evidence as to his ability to pay, Weasel v. Weasel, 421 So.2d 749 (Fla. 4th DCA 1982) (temporary support award reversed because trial court did not allow wife to present testimony); see Herr v. Herr, 463 So.2d 447 (Fla. 4th DCA 1985) (temporary support award defective because trial court failed to make findings of child's needs and husband's ability to pay), we reverse the order granting temporary child support and remand for an evidentiary hearing.
Reversed and remanded.
NOTES
[1] The order does not award other relief requested by the wife.