665 So.2d 1133 (1996)
James E. CHERESKIN, Appellant,
v.
Mary C. CHERESKIN, Appellee.
No. 95-685.
District Court of Appeal of Florida, Fifth District.
January 5, 1996.
Sarah E. Arnold, Orlando, for Appellant.
Garrick N. Fox, Orlando, for Appellee.
PETERSON, Chief Judge.
James E. Chereskin appeals the final judgment dissolving his marriage in which Mary C. Chereskin, his wife, was awarded permanent alimony. He also challenges the equitable distribution, the award of attorney's fees, and certain provisions regarding *1134 child support and visitation. We vacate the final judgment, except for the portions dissolving the marriage and establishing the terms of visitation, for the reasons stated in Guzman v. Guzman, 653 So.2d 1118 (Fla. 5th DCA 1995):
We disagree only with the unreasonable amount of monthly income that remains available to [the former husband] after the payments are made pursuant to the final judgment. If additional income is not imputed to him, it appears that either some adjustment to the equitable distribution will be necessary or alimony must be reduced, or a different method of equalizing the parties' equitable distributions must be fashioned, or some combination of the three must be considered.
See also Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989) (judgment reversed where trial court imposed monthly obligations on husband of $1523 while imputing a monthly income to him of $1387, and court directed on remand to make "due allowance for the husband to retain sufficient amount of his income in order that he may live and work."). See also Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980) ("trial judge must ensure that neither party passes automatically from misfortune to prosperity or from prosperity to misfortune, and in viewing the totality of the circumstances, one spouse should not be `short-changed.'").
In the instant case, the primary problem faced by the trial court and the parties is the large amount of marital and post-petition debt incurred by the parties. The payments required of the husband, however, for alimony, child support, and debt retirement, leave him with only $250 per month for his living expenses. Further, the judgment leaves the husband with a negative net worth of $66,000, even without factoring the award of attorney's fees to the wife. The husband's net monthly income is $2600 plus irregular stipends paid by the employer from time to time, while the wife's net monthly income from employment is $941.
In view of this financial situation, the trial court on remand should reconsider the distribution of the marital debts. The court may also reconsider the amount of the wife's attorney's fees the husband should be required to pay, and the monthly amount of child support he should be required to pay. We do not disagree with the award of permanent alimony to the wife, although, upon remand, the trial court may wish to consider a smaller monthly payment. The wife may seek a modification if and when the financial resources of the husband improve.
Unfortunately, the parties' financial situation is typical of dissolution cases that do not find resolution in a settlement. While it is to the parties' credit that they do not seek relief in bankruptcy and wish their creditors to be satisfied, the debt load apparently inhibited settlement and the trial judge was thus faced with the task of fashioning an almost impossible plan. The result, however, is a plan that places the husband in a position of predictable failure and despair.
JUDGMENT VACATED IN PART; REMANDED.
W. SHARP, and THOMPSON, JJ., concur.