707 So.2d 419 (1998)
Michael MILLER, Appellant,
v.
Blair A. MILLER, Appellee.
No. 97-4051.
District Court of Appeal of Florida, Fourth District.
March 25, 1998.
John T. Mulhall, III, of Rutherford, Mulhall & Wargo, P.A., Boca Raton, for appellant.
Stephanie A. Russo and Joel M. Weissman of Weissman & Yaffa, P.A., West Palm Beach, for appellee.
PER CURIAM.
Michael Miller, the husband, appeals the trial court's nonfinal order awarding temporary support and attorney's fees to his wife, Blair Miller, as excessive. We agree and reverse.
Based on the testimony as presented at the wife's temporary relief hearing, the court found that the husband has a net monthly income of $11,666. It ordered him to pay $2,580 per month in basic support to the wife and, on top of that amount, also required that he pay her monthly expenses totalling approximately $9,000. It further ordered that he pay her $30,000 as temporary attorney's fees and $10,000 as temporary costs.
The basic temporary support and expense awards together constitute nearly all of the husband's net monthly income. As such, we find that the present award places an undue burden on the husband based on the record evidence and findings as to his ability to pay. See Benenfeld v. Benenfeld, 705 So.2d 1072 (Fla. 4th DCA 1998)(holding that a husband cannot be required to pay a support award that exceeds his financial ability); Chereskin v. Chereskin, 665 So.2d 1133 (Fla. 5th DCA 1996)(reversing final judgment which required payments by husband for support that left him only $250 per month for his expenses); Ginsburg v. Ginsburg, 610 So.2d 655 (Fla. 1st DCA 1992).
With respect to the award of temporary attorney's fees and costs, yet again we unfortunately see a case where the attorney's fees sought to be imposed are clearly disproportionate to the complexities of the case and the financial resources of the parties. See *420 Woodward v. Berkery, 23 Fla. L. Weekly D393 (Fla. 4th DCA Feb.4, 1998). Here, since the total amount ordered exceeds the husband's ability to pay, and would require him to deplete virtually all of his assets and other financial resources to meet this obligation, we find that the present award constitutes an abuse of discretion. Accordingly, we reverse the order in its entirety and remand to the trial court for a total reconsideration of the temporary support issues raised.
REVERSED and REMANDED.
DELL, POLEN and FARMER, JJ., concur.