812 So.2d 515 (2002)
Richard BLEWS, Appellant,
v.
Deborah BLEWS, Appellee.
No. 4D01-1929.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
Richard Blews, Winter Park, pro se.
Vincent P. Gallagher of Harrell & Johnson, P.A., Jacksonville, for appellee.
SHAHOOD, J.
This appeal arises out of an order denying the former husband's petition for downward modification of alimony and child support. We reverse and remand for an evidentiary hearing.
At the time of the dissolution hearing, the former husband was earning $150,000 as in-house counsel with Office Depot, Inc., a position he had held for ten years. One year later, he was facing suspension of his driver's license for failure to pay child support. He filed a petition seeking to stay the child enforcement action and to temporarily modify his support obligation based on a substantial change in circumstances and extreme hardship. Following a hearing, the trial court entered an order abating the former husband's alimony obligation, reducing his child support obligation to $1,764 per month, and staying the action to suspend his driver's license until further order of the court. The court then scheduled a trial on the former husband's motion to modify the final judgment of dissolution.
At the final hearing on the petition to modify, the former husband was pro se. The trial court called for opening statements, the former husband told the court that prior to the dissolution hearing he had been asked by Office Depot to leave because they intended to hire someone with more securities experience. Because he had been with the company for ten years, he believed that he could negotiate to keep his job or some lesser job within the legal department. He was in the process of negotiating when the dissolution hearing started but, based upon his beliefs that he would retain his job, he did not mention the situation in court and, instead, told the court that he worked for Office Depot at a salary of $150,000. During the middle of the dissolution hearing, the company told the former husband that he had to enter into a severance agreement or risk not receiving any severance pay. He signed the agreement, which gave him the same pay for six months. Under the agreement, *516 he would still be treated as an employee of Office Depot and receive full medical benefits until a few months after the date of the dissolution hearing; therefore, he did not think it was relevant to mention the situation at the trial.
The former husband explained that he diligently searched for a job but was unable to secure one before the end of the severance period, September 1999. As a result, he had no income from October 1999 through March 2000 when he started a job at a law firm in Orlando. When he failed the bar exam and was unable to bring in the amount of business he had promised the firm, he was let go after five months. After leaving the firm in August, the former husband obtained his current job, earning a salary of $75,000, half of what he was making at the time of the dissolution hearing. It was the former wife's position that the former husband learned of his pending severance from Office Depot well before the dissolution hearing, but intentionally concealed that fact from her and the court.
Following the opening statements, the court entered its rulings. Despite the former husband's objections and requests to be allowed to present evidence, the court ruled that there was no change in circumstances since the trial and dismissed the former husband's request for modification. Subsequently, the court entered a final order dismissing the petition to modify on the merits, dissolving and vacating the abatement, restoring the former wife's garnishment remedies which existed prior to the abatement order, ordering the former husband to comply with the final judgment of dissolution, and granting the former wife's request for attorney's fees and costs. This was error.
It is apparent from the record that the parties expected a non-jury hearing on the former husband's petition for modification. During his opening statement, the former husband explained the chronology of events and indicated that he would provide more detail during the presentation of evidence. Although he is an attorney, he stressed several times that he is not a trial attorney; therefore, even though his opening statement may have sounded like testimony in some respects, he clearly expected to put on evidence. Contrary to the wife's arguments on appeal, there were other issues to be addressed in addition to whether the termination was contemplated at the time of the dissolution hearing.
Because the former husband was denied the opportunity to fully present his case, we reverse the trial court's order summarily dismissing the former husband's petition for modification, and remand for an evidentiary hearing on the matter. We decline to address the remaining two issues raised by appellant.
REVERSED AND REMANDED.
STONE and TAYLOR, JJ., concur.