844 So.2d 789 (2003)
Bernard L. FRIEDMAN, Appellant,
v.
Terry S. FRIEDMAN, Appellee.
No. 4D02-1937.
District Court of Appeal of Florida, Fourth District.
May 14, 2003.
*790 Jeffrey D. Fisher of Fisher & Bendeck, P.A., and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellant.
Denise S. Calegan-Desmond of Joel M. Weissman, P.A. and Doreen M. Yaffa, P.A., West Palm Beach, for appellee.
WARNER, J.
In the trial court's award for temporary relief in this dissolution action, it ordered the husband to pay $100,000 within a month and $50,000 a month thereafter but failed to designate whether the money was for attorney's fees, costs, temporary support, or equitable distribution. The husband contends the court erred in its award because the undifferentiated amount bears no relationship to the wife's needs, the husband's ability to pay, and relies on trust assets where the trust is not a party to the suit. We agree and reverse.
The husband and wife have been married for forty years. The wife, age 76, suffers from various physical ailments for which the husband has always paid the medical expenses. The husband, age 79, has been the sole supporter for the family. His assets consist of stock in Analogic Corporation, the marital home in Palm Beach, and a trust containing approximately $10,000,000 in assets. The trust provides for the husband, the wife, the husband's sister, and the wife's mentally ill son. The husband testified that he did not believe he had the power to revoke the trust's current trustee, and all the trustee's decisions required the consideration of the needs and interests of all the beneficiaries. Despite this testimony, the trustee was not made a party to the dissolution proceeding.
The wife moved for an order of temporary support and attorney's fees. The wife's accountant testified that the wife's expenses amount to $22,500 per month, which includes household expenses that the husband currently pays. The wife would need an additional $11,000 per month if the husband continues to pay the *791 household expenses. Included in the $11,000 figure is $1,500 to support her mentally ill son, who is currently being supported by the trust.
Due to the complications surrounding the trust, the parties significantly disputed the husband's income. While the wife's accountant testified that the husband nets about $44,000 per month, the husband's expert testified that the husband's monthly net income is actually $19,000. Moreover, according to his accountant, after paying both parties' expenses, the husband has a monthly deficit of $7,000.
As to the wife's motion for attorney's fees, her attorney testified that he had expended $127,000 in attorney's fees to date and requested approximately $500,000 in additional attorney's fees pendente lite. In rebuttal, the husband's attorney testified the entire expenses for the case should total only one quarter of that amount.
In granting temporary relief, the trial court awarded the wife the exclusive possession of the marital home and required the husband to pay all of the household expenses as well as the wife's medical expenses. The court ordered a direct payment of $100,000 followed by payments of $50,000 per month. The court stated:
And I think that Mr. Friedman should cough up $100,000 no later than May 10th. I make no determination whatsoever at this time whether those are fees, costs, supports or advance (sic) against equitable distribution. That will be determined at a later time. And at the 10th of each month thereafter he should fund another $50,000. The wife has complete discretion as to how she spends that money. Whether she spends it on accountants, lawyers or clothes or jewelry, whatever she wants, we will decide how to designate it at the end.
From this order the husband appeals.
While unallocated support awards of alimony and child support have been approved in special circumstances, see, e.g., Pastore v. Pastore, 497 So.2d 635, 637 (Fla. 1986) (awarding unallocated child support and alimony award consisting of house payment, taxes, and insurance;) McKelvey v. McKelvey, 534 So.2d 801, 801 (Fla. 3d DCA 1988) (awarding undifferentiated temporary alimony and support of $10,000 per month), a support award must still be governed by the wife's needs as established by the parties' standard of living during the marriage and the husband's ability to pay. See Wenzel v. Wenzel, 512 So.2d 275, 275 (Fla. 4th DCA 1987) (citations omitted). We have never approved a temporary award where an undifferentiated amount was allowed to both support the spouse and compensate the spouse's attorney.
The wife's needs, as testified to by her own accountant, would be at most around $11,000 per month, including the household and medical expenses paid for by the husband. Therefore, the trial court's suggestion that the remaining $39,000 might be spent on additional clothes or jewelry shows that the $50,000 monthly amount had no relation to the wife's needs as determined from the marital standard of living. It is similar to the award we disapproved of in Couples v. Couples, 623 So.2d 585, 586 (Fla. 4th DCA 1993), of an additional $25,000 per month in monies to the wife to spend "however she desires."
The wife contends that the court intended any remaining funds be used to pay her attorney's fees. However, the trial court did not require that the money be paid to the attorney. If the court intended to award attorney's fees as part of the $50,000 it should have determined the *792 amount. Without such a determination, the husband cannot challenge the reasonableness of the amount. Moreover, without determining the amount of the award allocable to attorney's fees, the tax consequences of the award cannot be determined.
An award of support, or attorney's fees, also must consider the paying spouse's ability to pay. See Belcher v. Belcher, 271 So.2d 7, 11 (Fla.1972). Here, the wife's accountant testified that the husband has a net monthly income of $44,000. This amount would not cover the $50,000 per month the husband is ordered to pay, plus the household and medical expenses he also is obligated to pay. The court made no findings as to the husband's income or his ability to pay these amounts.
From the comments at the hearing, we assume that the trial court considered the trust as the source from which the husband could pay any award. However, there was no evidence that the trustee had any obligation to pay these awards on behalf of the husband. A trustee has the duty to administer a trust diligently for the benefit of the beneficiaries. See § 737.301, Fla. Stat. (1995). Although the trustee of the trust in the instant appeal has absolute discretion to pay out income and principal to the beneficiaries, he still must exercise good faith and be judicious in the administration of the trust. See Mesler v. Holly, 318 So.2d 530, 533 (Fla. 2d DCA 1975). A trustee must deal impartially with the trust beneficiaries, i.e., treat them even-handedly and act in the interest of the trust as a whole. See Morse v. Stanley, 732 F.2d 1139, 1145 (2d Cir.1984) (citations omitted). Because there is no evidence of an obligation to pay these support amounts from the trust, and the trustee is not a party to the action so that the court might compel payments, the trial court erred in relying on the trust assets when determining the husband's ability to pay the monthly sums ordered.
For these reasons, we reverse the order of the trial court and remand for further proceedings.
GUNTHER, J., and HARNAGE, HENRY H., Associate Judge, concur.