898 So.2d 1084 (2005)
Isadore Philips BOLTON, Appellant,
v.
Stephanie E. BOLTON, Appellee.
No. 4D04-2664.
District Court of Appeal of Florida, Fourth District.
March 23, 2005.
Alvin B. Davis, Carlotta J. Roos and Mia A. Burroughs of Steel Hector & Davis, LLP, Miami, for appellant.
No brief filed for appellee.
PER CURIAM.
Isadore Bolton, the husband in this marital dissolution case, appeals from the trial court's Award of Temporary Relief. He raises three issues. We affirm in part, and reverse in part, addressing only the two issues on which we reverse.
The husband contends that the trial court abused its discretion by awarding temporary support to the wife without regard to his ability to pay. We agree, because a trial court cannot enter a temporary support award that exceeds or nearly exhausts a party's income. See Herr v. Herr, 463 So.2d 447, 448 (Fla. 4th DCA 1985); Miller v. Miller, 707 So.2d 419, 419 (Fla. 4th DCA 1998) (awards that provided the wife with nearly all of the husband's income were an undue burden); Blum v. Blum, 382 So.2d 52, 55 (Fla. 3d DCA 1980) (award that left the husband with fifty dollars per week to live on was error). Under the current circumstances of this case, the husband would be left with only approximately $300 a month for his own living expenses. As such, the award of temporary support to the wife is reversed *1085 and remanded to the trial court for further consideration.
The husband also asserts that the trial court abused its discretion by awarding attorney's fees to the wife without regard to his ability to pay. Because of our concern about his ability to pay the temporary support award, and the fact that reconsidering the award on remand may alter the economic circumstances of the parties, we conclude that it is prudent to reverse on this issue for further consideration of the husband's ability to provide suit money to the wife. See Friedman v. Friedman, 844 So.2d 789, 792 (Fla. 4th DCA 2003).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings consistent with this opinion.
FARMER, C.J., GUNTHER and WARNER, JJ., concur.