ORFINGER, J.
 

 Michael Williams (husband) appeals a non-final order on temporary child support and alimony entered in an action for the dissolution of his marriage to Dania Williams (wife). We reverse the temporary alimony award as it is excessive.
 

 This nineteen-year marriage produced one child, now fifteen years of age. The husband, a deputy sheriff, has a gross monthly income of approximately $3,254, including overtime and special duty pay. The wife’s gross income monthly income is $2,650 per month. The husband argues that the general magistrate abused his discretion when he recommended and the lower court ordered him to pay $ 685.63 per month in temporary child support and $1,947 per month as in-kind alimony to the wife.
 
 [1]
 
 He contends that the temporary award is excessive as it equals 97% of his net income (and 81% of his gross income) as determined by the general magistrate.
 
 [2]
 

 In a dissolution of marriage proceeding, each party’s sources of income and ability to pay are factors to be considered in determining whether alimony, child support, or attorney’s fees are appropriate, and if so, in what amounts.
 
 Smith v.
 
 Smith, 737 So.2d 641, 642 (Fla. 1st DCA 1999). However, “a trial court cannot enter a temporary [financial] award that exceeds or nearly exhausts a party’s income” because it would abuse its discretion by doing so.
 
 Bolton v. Bolton,
 
 898 So.2d 1084, 1084 (Fla. 4th DCA 2005).
 

 Here, the record supports the wife’s need for temporary alimony. However, the award of temporary child support and in-kind alimony is clearly excessive, as combined, it will consume 97% of the husband’s net monthly income. Based on these circumstances, we conclude that the trial court abused its discretion by order
 
 *653
 
 ing the husband to make payments that exhaust or virtually exhaust his income.
 
 See Gentile v. Gentile,
 
 565 So.2d 820, 822 (Fla. 4th DCA 1990) (reversing permanent alimony and child support awards that consumed 79% of husband’s net pay, and observing that “where the husband’s income is nearly exhausted on obligations imposed by the final judgment, leaving him with practically no money to support himself, reasonable persons could not differ as to the impropriety of the actions taken by the trial court”),
 
 disapproved on other grounds by Acker v. Acker,
 
 904 So.2d 384 (Fla.2005);
 
 see also Squindo v. Osuna-Squin-do,
 
 943 So.2d 232, 234 (Fla. 3d DCA 2006) (reversing permanent alimony award that consumed approximately 70% of husband’s net monthly income and left former husband with $600 per month);
 
 Barclay v. Barclay,
 
 554 So.2d 1191, 1191-92 (Fla. 2d DCA 1989) (reversing temporary alimony and child support award that required husband to pay $5,778 per month in obligations where husband only made $5,666 per month);
 
 Fields v. Fields,
 
 533 So.2d 922, 924 (Fla. 2d DCA 1988) (reversing temporary alimony award where it exceeded husband’s net weekly salary);
 
 Sokol v. Sokol,
 
 441 So.2d 682, 685 (Fla. 2d DCA 1983) (reversing alimony, child support, and expense award that left husband with just $328 per month after payment of his obligations because it “simply consumes too large a share of the husband’s presumed ability to earn”);
 
 Nicholson v. Nicholson,
 
 372 So.2d 178, 179 (Fla. 2d DCA 1979) (holding alimony award was clearly excessive and constituted abuse of discretion where it consumed 96% of husband’s current income).
 

 Because the amount of temporary in-kind alimony awarded is excessive, we reverse that award and remand for reconsideration.
 

 AFFIRMED in part; REVERSED in part, and REMANDED.
 

 SAWAYA and LAWSON, JJ„ concur.
 

 [1]
 

 . The temporary alimony figure is the total of two mortgages on marital property, less rent paid by a tenant.
 

 [2]
 

 . The husband disagrees with the income determination made by the general magistrate. As the figure is supported by competent evidence, we do not disturb it.