CRENSHAW, Judge.
 

 In this appeal challenging an “Order on Reserve[d] Issues,” i.e., an order modifying the appellant mother’s child support obligation, the Department of Revenue (DOR) has filed a confession of error, acknowledging that the trial court, through its hearing officer, abused its discretion in denying the mother’s request for a continuance or to appear telephonically. Several days before the scheduled modification hearing, the mother faxed a request to have the hearing rescheduled or to appear telephonically because she was caring for her premature infant and would therefore find it difficult to travel to Florida from her home in South Carolina. The hearing officer denied the motion using a rubber stamp. The hearing took place in the absence of the mother, and the court issued an order directing the mother to pay monthly child support based on an imputation of minimum wage, resulting in a higher support level than would have been calculated had the figures on mother’s financial affidavit been used.
 

 As a general proposition, in the family law context a trial court errs if it fails to allow a party to offer evidence as to ability to pay.
 
 See, e.g., Horton v. Horton,
 
 573 So.2d 423 (Fla. 3d DCA 1991);
 
 Weasel v. Weasel,
 
 421 So.2d 749 (Fla. 4th DCA 1982);
 
 see also Blews v. Blews,
 
 812 So.2d 515 (Fla. 4th DCA 2002) (concluding that the court erred by ruling on modification of alimony and child support after the parties’ opening statements). Indeed, the failure to provide an opportunity to be heard may well implicate procedural due process.
 
 See, e.g., Leinenbach v. Leinenbach,
 
 634 So.2d 252 (Fla. 2d DCA 1994).
 

 In this light, and given the facial validity of the mother’s request and DOR’s confession of error, we conclude that the trial court abused its discretion in denying the mother’s request for a continuance or a telephonic hearing. We therefore reverse the order on appeal and remand for a new
 
 *285
 
 hearing, with a reasonable accommodation made to ensure the mother’s appearance either in person or by telephone.
 

 ALTENBERND and NORTHCUTT, JJ., Concur.