PER CURIAM.
 

 In this case, the husband challenges a temporary support order, arguing that it is excessive and that there is an error in the child support calculation. We agree that the award is excessive and the wife has conceded the alleged error in the child support calculation.
 

 “[Temporary relief awards are among the areas where trial judges have the broadest discretion” and an appellate court will not reverse such an order in the absence of an abuse of that discretion.
 
 Robbie v. Robbie,
 
 591 So.2d 1006, 1008 (Fla. 4th DCA 1991). It is an abuse of discretion, however, for a trial court to enter a temporary support order that “exceeds or nearly exhausts a party’s income.”
 
 Bolton v. Bolton,
 
 898 So.2d 1084, 1084 (Fla. 4th DCA 2005) (reversing temporary support order that left husband with only $800 per month for own living expenses);
 
 see also Williams v. Williams,
 
 10 So.3d 651, 652-53 (Fla. 5th DCA 2009) (reversing award of temporary child support and “in-kind” alimony that consumed ninety-seven percent of husband’s monthly income). That is the case here as the husband’s financial obligations under the temporary support order consume his income to the extent that he is left with little or nothing for his own reasonable living expenses.
 
 [1]
 
 The or
 
 *962
 
 der appealed is thus reversed and the matter remanded for further proceedings.
 

 Reversed and Remanded.
 

 STEVENSON, TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . The only significant asset listed on the financial affidavits is the husband's 401(k) plan, which the husband values at $350,000. The 401 (k) plan was not mentioned at the hearing, and there was no evidence concern
 
 *962
 
 ing die availability of the funds or any penalties the parties would incur for withdrawal.