FORST, J.,
concurring in part and dissenting in part.
In addition to joining the majority in remanding this case to the trial court to address the reasonableness of the attor *525 neys’ fees, I would also reverse the trial court’s decision with respect to the amount of temporary alimony ordered. The record indicates that the husband’s monthly net income was $5184 and his monthly expenses were $3335. Adding a monthly support payment of $2000, plus the installment payment with respect to the $5000 in attorneys’ fees, would put the husband in a deficit situation. Additionally, the .husband argued below that the wife’s expense calculation included living expenses and mortgage payments that she was not presently incurring, as she was living with her parents.
A trial court abuses- its discretion in making an award of temporary alimony that “exceeds or nearly exhausts” the pay- or spouse’s income. Bolton v. Bolton, 898 So.2d 1084, 1084 (Fla. 4th DCA 2005); see also Wilder v. Wilder, 42 So.3d 961, 961 (Fla. 4th DCA 2010) (reversing temporary relief order because “the husband’s financial obligations under the temporary support order consume his income to the extent that he is left with little or nothing for his own reasonable living expenses”); Miller v. Miller, 707 So.2d 419, 419-20 (Fla. 4th DCA 1998) (award that provided party with nearly all of the other party’s income was an undue burden and an abuse of the trial court’s discretion); Herr v. Herr, 463 So.2d 447, 448 (Fla. 4th DCA 1985) (court cannot authorize support payment in excess of the available income of the other party).
Although the wife’s answer brief challenges some of the expenses claimed in the husband’s financial affidavit, she concludes that reducing these amounts would leave the husband with “at least $200” per month after the $2000 temporary support award is added to his monthly expenses. But that calculation doesn’t take into account the trial court’s award- of attorneys’ fees. Moreover, the trial court made no oral or written findings regarding the reasonableness of either party’s financial affidavit, except for deleting mortgage payments claimed by the husband (and making no similar: deletion of mortgage payments claimed by the wife), which were factored into the amounts adr dressed in this appeal.
Similarly, the trial court’s order contains no findings as to the husband’s ability to pay the wife’s attorneys’ fees award, or the wife’s need for same, and further, as noted in the majority opinion, does not address the reasonableness of the fees or hours expended. As such, the trial court erred in awarding the.wife attorneys’ fees without determining the husband’s ability to pay and the wife’s needs, Phillips v. Ford, 68 So.3d 257, 258 (Fla. 4th DCA 2010), or the. reasonableness of the hourly rate or hours -expended, Moore, v. Kelso-Moore, 152 So.3d 681, 683 (Fla. 4th DCA 2014).
Thus, I join the majority in remanding the issue of the calculation of the wife’s attorney’s fees and otherwise dissent as noted above.