IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL HAWRYLUK, JR.,

       Appellant/Cross-Appellee,

v.

Case No.  5D21-2405
LT Case No. 2019-30639-FMCI

KATHRYN HAWRYLUK,

       Appellee/Cross-Appellant.

_____/

Opinion filed May 19, 2023

Appeal from the Circuit Court
for Volusia County,
Sandra C. Upchurch, Judge.

John N. Bogdanoff, of The Carlyle
Appellate Law Firm, Orlando,
for Appellant/Cross-Appellee.

Sheila M. Ennis, of Sheila M. Ennis,
P.A., Edgewater, for Appellee/Cross-
Appellant.


MACIVER, J.

Appellant, Michael Hawryluk ("Former Husband"), and Appellee/Cross-Appellant, Kathryn Hawryluk ("Former Wife"), appeal the trial court's Amended Final Judgment of Dissolution of Marriage on several grounds. Because the trial court erred by entering monthly support awards and payment of attorney fees which exceed its calculation of Former Husband's monthly surplus, we remand the case for recalculation of Former Husband's monthly payment obligations and otherwise affirm on all issues. This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).

*Background*

Former Husband and Former Wife were married in January of 1993. The trial court entered a Final Judgment of Dissolution of Marriage on December 16, 2020, amended on August 17, 2021, *nunc pro tunc*.

The judgment awarded Former Wife durational alimony of $3,513.75 per month for seven years; $636.34 per month in child support; $1000 per month in equitable distribution for five years; and $1,200 per month in attorney fees for seventy-six months.

2

*Analysis*

Former Husband appeals, and Former Wife cross-appeals, the Amended Final Judgment. Former Husband asserts that the court below erred by awarding a combination of support and attorney fees that exceed his ability to pay.

The trial court found that Former Husband has a monthly income between $10,000 and $12,000, as well as living expenses of $5,000 per month. Taking the midpoint between $10,000 and $12,000, the court found Former Husband to have a monthly surplus of "at least $6,000.00." The monthly sum of the support and attorney's fee award, however, is $6,350.09.

"'[A] trial court cannot enter a . . . [financial] award that exceeds or nearly exhausts a party's income' because it would abuse its discretion by doing so." *Williams v. Williams*, 10 So. 3d 651, 652 (Fla. 5th DCA 2009) (quoting *Bolton v. Bolton*, 898 So. 2d 1084, 1084 (Fla. 4th DCA 2005)). As such, the Court in *Williams* held that an award of temporary child support and in-kind alimony was excessive where "as combined, it . . . consume[d] 97% of the husband's net monthly income." *Id.*

Similarly, this Court has reversed final judgments that failed to consider whether a party ordered to make payments has the financial ability to do so. *See Kirby v. Kirby*, 345 So. 3d 356, 358 (Fla. 5th DCA 2022) (finding

reversible error where lower court used gross rather than net income of the former husband to calculate payment and it was "unclear from the record whether he ha[d] the ability to make this payment and still afford to pay his own living expenses"); *Mauck v. Mauck*, 702 So. 2d 1311, 1313 (Fla. 5th DCA 1997) (reversing where order to pay more than half of his net income placed the former husband in a "perilous economic situation").

Here, unlike in either *Kirby* or *Mauck*, the trial court did not rely on gross income, but instead appropriately considered Former Husband's living expenses and ability to pay. However, much like in *Williams*, the court failed to make clear in the record how a $6,000 average monthly surplus can cover a $6,350.09 monthly obligation. Because the aggregate monthly payments would exceed the amount that the court found to be Former Husband's monthly surplus (i.e., ability to pay after living expenses), we reverse and order a recalculation of the payment schedule that would bring the monthly aggregate payment within the range of Former Husband's estimated monthly surplus of $6,000.

AFFIRMED, in part; REMANDED, in part, for recalculation.

EISNAUGLE and KILBANE, JJ., concur.

4