DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MATTHEW ADAMS,**
Appellant,

v.

**LYNDSAY CUNNINGHAM,**
Appellee.

No. 4D2023-0572

[January 24, 2024]

Appeal of a nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312022DR001114.

Thomas W. Sculco and Shannon McLin of Florida Appeals, Orlando, for appellant.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellee.

PER CURIAM.

Appellant husband appeals a nonfinal order of temporary relief to appellee wife in the underlying dissolution of marriage action. Appellant challenges: (1) the amount of monthly support which he is required to pay; (2) the award of exclusive use of the marital home to appellee; and (3) the timesharing schedule imposed. Because of the broad discretion given to trial courts in fashioning temporary relief in marriage dissolution actions, we affirm without further comment as to issues two and three.

As to issue one, we reverse the amount of temporary support awarded to the wife. Appellant's net income was $3,939 per month, and the court awarded monthly support of $5,387 for several months, reduced to $4,084.70 thereafter, both figures exceeding appellant's income. "[A] trial court cannot enter a temporary support award that exceeds or nearly exhausts a party's income." *Bolton v. Bolton*, 898 So. 2d 1084, 1084 (Fla. 4th DCA 2005); *see also Miller v. Miller*, 707 So. 2d 419, 419 (Fla. 4th DCA 1998). This amount cannot be justified by requiring appellant to invade his relatively modest assets, because there was no evidence that the

parties had relied on those assets to support their lifestyle during the intact marriage. *See Goodman v. Goodman*, 797 So. 2d 1282, 1285 (Fla. 4th DCA 2001) (noting the general rule that "a party does not have to invade the principal of non-marital assets in order to support a spouse at a standard of living never achieved during the marriage"). Moreover, and particularly because the court granted exclusive possession of the home to the wife, the trial court's award left appellant with no funds for his own support. The trial court's award constitutes an abuse of discretion. *See Bolton*, 898 So. 2d at 1084.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

WARNER, DAMOORGIAN and GERBER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

2