538 So.2d 1274 (1988)
Claudette C. RHODEN, Appellant,
v.
George Wray RHODEN, Appellee.
No. BP-302.
District Court of Appeal of Florida, First District.
December 19, 1988.
Rehearing Denied March 23, 1989.
Tyrie A. Boyer of Boyer, Tanzler & Boyer, Jacksonville, for appellant.
Granvel S. Kirkland, Macclenny, for appellee.
PER CURIAM.
This cause is before us on appeal of a final judgment of dissolution of marriage. The appellant wife raises eight issues for our consideration, which are: (1, 2) whether the trial court erred in failing to divide property in accordance with the parties' stipulations and further erred by failing to award the wife an equal share of the parties' assets; (3, 4) whether the court erred in sustaining the husband's objection to a midtrial attempt to take a deposition, and whether the court erred in refusing to award alimony or reserve jurisdiction to later do so; (5) whether the court erred in refusing to award the wife accrued but unpaid temporary alimony; (6) whether the court erred in refusing to impose a lien on the husband's properties to secure monies owed to the wife; (7) whether it was error to refuse to award the wife attorney fees *1275 or costs; and (8) whether the court undervalued the husband's residence for equitable distribution purposes.
The record reflects that the parties were married in 1957 and have two adult children. The wife supported the husband through college, though he also received government assistance and worked. The husband has insurance broker's and salesman's licenses and a real estate broker's license. The wife also has a broker's license and is a secretary and bookkeeper. She worked in the family's businesses throughout most of the marriage until the parties separated in 1983 and was a fully equal partner in developing the parties' wealth. At a minimum, this wealth entitles them to be characterized as millionaires, although cash flow was poor at the time of the final hearing. The record also reflects that since April 1983, the wife has been suffering from rheumatoid arthritis.
Regarding Issues 1 and 2, we agree with appellant that the trial court failed to meticulously follow the stipulations entered into by the parties, particularly those concerning their MacGlen, Inc. and George Rhoden Agency properties. The stipulations are binding on the parties and the court, Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981), and should have been incorporated into the final judgment in toto. On remand, the trial court is directed to follow the stipulations and to revisit its equitable distribution of the remaining property after the stipulations have been properly implemented. The court may find it necessary to readjust the cash award to the wife once the stipulations are followed.
Paragraph 21 of the first stipulation provides that in dividing the various assets, one party may inadvertently receive a greater distributive share than the other and that the court is requested to equalize "the equitable distribution in such manner as the court may determine appropriate ... to the end that each party receive an equal share of the assets ... within the contemplation and guidance of the doctrine of Canakaris v. Canakaris," 382 So.2d 1197 (Fla. 1980). The above-quoted provision of the stipulation does not require that distribution be precisely even in order to be equitable. On remand, the trial court is not required, therefore, to divide the parties' assets so that each receives a share worth exactly the same amount of money.
Regarding Issue 3, we find that the trial court abused its discretion in prohibiting the wife from deposing Dr. M.F. Mass on the progress of the wife's rheumatism. The record reflects that the final hearing in this cause was conducted in three segments over several months' time, and that the wife's condition had deteriorated since the initial separation and the time between the second and third segments of the final hearing. The record further reflects that the trial court's decision to deny the wife alimony was based at least partly on its belief that the wife's health had not sufficiently deteriorated to preclude her from working. That being the case, evidence that the wife's health was continuing to fail was critical to a correct ruling on the contested alimony issue. Although Rule 1.390, Florida Rules of Civil Procedure, provides that an expert's deposition may "be taken at any time before the trial," it does not bar taking a deposition during trial if good cause exists. Because the wife sought to depose Dr. Mass more than three weeks before the last segment of the final hearing, there was little possibility of unfair surprise or procedural prejudice. As stated in Orlando Sports Stadium, Inc. v. Sentinel Star Company, 316 So.2d 607 (Fla. 4th DCA 1975), a "strong showing is required before a party will be denied entirely the right to take a deposition." The wife's regular treating physician testified that he had seen significant recent deterioration, but was not a specialist and therefore could not predict the disease's ultimate progression and specific effect upon the wife's ability to work. That doctor's testimony clearly pointed to the need and importance of taking the deposition of the expert, Dr. Mass. *1276 Should the evidence on remand demonstrate that the wife's health has sufficiently deteriorated to impair her ability to continue earning a living within her areas of training and expertise, the trial court is not precluded from awarding whatever form of alimony may be appropriate or reserving jurisdiction to do so in the future if immediate need is not shown. We note that it is not just the ability to earn an income, but the ability to earn an income commensurate with the standard of living enjoyed during the marriage, that is considered in ruling on an alimony claim. O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982). The record reflects that at the time of the final hearing, the wife's income from her real property holdings did not guarantee maintenance at that level because much of that income was required to satisfy various obligations on the property.
We affirm the trial court's rulings as to Issues 5, 6, and 8, finding that competent, substantial evidence supports the court's factual determinations and that the court's discretionary rulings were within the bounds of its authority.
Finally, as to Issue 7, we affirm the trial court's ruling requiring both parties to pay their own attorney fees. The record does not reflect that either party had substantially greater need, ability to pay, or liquid assets, at the time of the final hearing. See Kelly v. Kelly, 491 So.2d 330 (Fla. 1st DCA 1986); Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984); Nichols v. Nichols, 418 So.2d 1198 (Fla. 5th DCA 1982); and O'Steen v. O'Steen, 478 So.2d 489 (Fla. 1st DCA 1985).
Accordingly, the judgment is affirmed in part, reversed in part, and remanded for further proceedings.
ERVIN, BOOTH and WENTWORTH, JJ., concur.