ON MOTION TO ENFORCE MANDATE
PER CURIAM.
This cause is before us on appellant’s motion to enforce this court’s mandate. 538 So.2d 1274. We find that the motion has merit in that on remand, the trial court failed to precisely follow the stipulations of the parties concerning their MacGlen, Inc. and George Rhoden Agency, Inc. interests. In order to precisely implement the stipulations of the parties, the trial court must:
(1) Equalize the distribution of the salaries paid out by MacGlen, Inc. to the parties between 1983 and 1985. Although the trial court found that the' salary monies were used to benefit the parties equally, the stipulation requires that the distribution be equal. The trial court should therefore make a sufficient award to appellant of future MacGlen salary distributions to compensate her for the unequal distribution which occurred between 1983 and 1985; and
(2) Allow the wife to retain only so much stock in the George Rhoden Agency, Inc. as will allow her to retain health insurance coverage under the policy which insures “proprietors” of that entity. Only the value of that stock, determined pro ratably to the remaining stock, should be charged to the wife’s equitable share in the marital estate. The remaining stock should be transferred to the husband, and its value, *1300 less the amounts paid out for insurance premiums, should be charged to the husband’s equitable share of the marital estate.
The trial court should then revisit its equitable distribution of the remaining property after the stipulations have been properly implemented.
Remanded with instructions to revise the final judgment accordingly.
ERVIN, BOOTH and WENTWORTH, JJ., concur.