838 So.2d 1266 (2003)
Edward Joseph BREITENBACH, Appellant,
v.
Janet H. BREITENBACH, Appellee.
No. 2D01-5743.
District Court of Appeal of Florida, Second District.
March 14, 2003.
*1267 Warren A. Wilson, III, and Dennis R. Long of Wilson, Wilson & Long, P.A., Palm Harbor, for Appellant.
No appearance for Appellee, Janet H. Breitenbach.
STRINGER, Judge.
Edward Breitenbach (the Husband) challenges a nonfinal order awarding Janet Breitenbach (the Wife) $2000 in monthly temporary alimony. Because the record does not support the trial court's findings as to the Wife's need for alimony and the Husband's ability to pay, we reverse.
Temporary awards of support and alimony are discretionary. Calhoun v. Calhoun, 627 So.2d 611 (Fla. 2d DCA 1993). Nevertheless, such awards must be supported by evidence which demonstrates the need for support and the paying spouse's ability to pay. Fields v. Fields, 533 So.2d 922 (Fla. 2d DCA 1988); Novack v. Novack, 196 So.2d 499 (Fla. 3d DCA 1967).
The Wife, age fifty-three at the time of the temporary hearing, produced evidence to establish that she is medically disabled and unable to work. However, the evidence adduced at the hearing also established that she enjoys very generous financial support from family and friends and has lived with an aunt since the parties' separation. The Wife has no living expenses of her own and, in fact, receives a government stipend of $210 per month. Moreover, her medical expenses are covered by a government insurance program.
The Wife's financial affidavit reflects monthly expenses which total $4196. However, she testified that at the time of the hearing she was not paying any of those expenses. She admitted that her attorney completed the affidavit and estimated the monthly expenses. She further admitted having no personal knowledge as to what a dwelling of her own might cost. The Wife has absolutely no monthly expenses that are documented in the record. Her testimony does not even disclose that she is obligated to or has been paying her aunt a monthly contribution toward household expenses.
As for the Husband, his financial affidavit shows a gross monthly retirement income of approximately $800. The affidavit also indicates that his monthly expenses exceed his income by more than $100. In spite of the obvious shortfall in the Husband's monthly budget and the absence of evidence to establish a basis for imputing additional income to the Husband, the court ordered him to pay the Wife $2000 in temporary alimony. While doing so, the court acknowledged the hardship that this obligation would create for the Husband, but in its order the court *1268 suggested that he mortgage nonmarital property in order to pay the temporary alimony award. This was also error. See Perez v. Perez, 599 So.2d 682 (Fla. 3d DCA 1992) (finding general master's finding of present ability to pay based on spouse's ability to obtain a loan "outrageous").
Because there is no evidence in the record to support the circuit court's temporary alimony award of $2000, we reverse and remand for further proceedings.
Reversed.
CASANUEVA and KELLY, JJ., Concur.