915 So.2d 771 (2005)
Timothy P. DRISCOLL, Appellant,
v.
Celeste DRISCOLL, Appellee.
No. 2D05-2831.
District Court of Appeal of Florida, Second District.
December 9, 2005.
*772 Peter N. Meros of Meros, Smith & Olney, P.A., St. Petersburg, for Appellant.
Carl T. Boake and Kathy C. George of Law Offices of Boake & George, St. Petersburg, for Appellee.
WALLACE, Judge.
Timothy P. Driscoll (the Husband) challenges a nonfinal order awarding Celeste Driscoll (the Wife) temporary alimony of $6000 per month. Because the record does not support the trial court's findings on the Wife's need for alimony, we reverse.
The parties had been married twenty years when the petition for the dissolution of their marriage was filed. In accordance with a mediation agreement, the parties have shared parental responsibility of their only child and the Husband is the primary residential parent. The Husband, an attorney, is self-employed. The Wife is not employed.
On March 3, 2005, the trial court held a hearing on various motions, including the Wife's motion for temporary alimony. Before the hearing, the Wife filed her financial affidavit with the court. In her affidavit, the Wife claimed that she had no income. The Wife estimated that her monthly expenses totaled $11,948. Her total expenses included a $6000 mortgage payment, $1689 for additional household expenses, $1724 for child care expenses, $130 for automobile expenses, $1505 for miscellaneous expenses, and $900 for monthly payments to creditors. The Husband also filed his financial affidavit with the court. His monthly expenses totaled $12,034.85. The Husband's expenses included $8606.35 for household expenses, $394 for automobile expenses, $1404.50 for child care expenses, $45 for insurance, $735 for miscellaneous expenses, and $850 for monthly payments to creditors. Some of the same household and child care expenses appeared on both parties' financial affidavits.
At the hearing, the Husband testified about his income and expenses. He claimed that he paid the mortgage and utility bills each month for the marital home. The Husband also stated that he paid for all expenses related to the parties' child, including the child's school tuition.
The Wife testified that the parties were in the process of selling the marital home. The Wife stated that in less than a month from the date of the hearing, she would be moving into a condominium apartment and that her rent would be $1500 monthly. She admitted that the Husband was paying the mortgage payment and the utilities for the marital home. The Wife did not testify about the details of her financial affidavit.
At the conclusion of the testimony, the trial court made the following findings:
The wife has proven by the evidence that her needs currently are $11,948 a month.
Now, I know [the Husband's] attorney is asking the Court not to consider the new testimony today of the wife for future needs of the wife; however, I'm going to consider that over the husband's attorney's objection because if I consider it, her needs are only [$]7,448 per month, and that's if you take away the mortgage payment and add in the $1,500 instead.
. . . .

*773 ... I'm going to go ahead and find based upon her testimony that her [projected] need established by the evidence is only [$]7,448 a month.
The trial court found that the Husband had the ability to pay $6000 per month in alimony.
Temporary awards of alimony are discretionary. Breitenbach v. Breitenbach, 838 So.2d 1266 (Fla. 2d DCA 2003). In fact, temporary awards are among the areas where trial judges have the very broadest discretion and where appellate courts are very reluctant to interfere. Pedraja v. Garcia, 667 So.2d 461 (Fla. 4th DCA 1996). However, temporary alimony awards must be supported by competent, substantial evidence that demonstrates the need for support and the paying spouse's ability to pay. Breitenbach, 838 So.2d at 1267.
The trial court began its analysis by determining the Wife's current need to be $11,948. The only support for this figure was the Wife's financial affidavit. However, included within the $11,948 figure were household and child care expenses that the Husband  not the Wife  was paying, including the mortgage, utilities, and the child's school tuition. To arrive at a figure reflecting the Wife's need after the sale of the marital home, the trial court subtracted the $6000 mortgage payment included in the Wife's financial affidavit from the Wife's $11,948 figure and added the Wife's rent of $1500, resulting in a projected monthly need of $7448. This figure is not supported by competent, substantial evidence. Therefore, we conclude that the trial court abused its discretion in awarding the Wife temporary alimony of $6000 per month. Accordingly, we reverse the order granting the Wife temporary alimony and remand for further consideration of this issue. On remand, the trial court may receive additional evidence, if necessary, regarding the Wife's present need.
The Husband argues that the trial court abused its discretion when it determined that he had the ability to pay $6000 per month to the Wife. On this point, we find no abuse of discretion.
Reversed and remanded.
CANADY, J., and DANAHY, PAUL W., Senior Judge, Concur.