944 So.2d 1145 (2006)
Kevin DAUGHTREY, Appellant,
v.
Shannon L. DAUGHTREY, Appellee.
No. 2D05-5768.
District Court of Appeal of Florida, Second District.
December 8, 2006.
Kevin C. Shirley, Punta Gorda, for Appellant.
*1146 Vincent A. Sica of Vincent A. Sica, P.A., Arcadia, for Appellee.
WALLACE, Judge.
Kevin Daughtrey (the Husband) appeals an amended final judgment of dissolution of marriage. The effect of the amended final judgment was to require the Husband to transfer an additional eleven acres of land in DeSoto County to Shannon L. Daughtrey (the Wife). Because there is no evidentiary support in the record for the entry of the amended final judgment, we reverse and remand for further proceedings.

BACKGROUND
The parties were married in 1995. They had three minor children. After the marriage, the Husband acquired acreage in DeSoto County. The parties obtained a mortgage to construct a house on the property and then occupied the house as their residence.
In June 2005, the Wife filed a petition for dissolution of marriage. In her petition, the Wife alleged that the parties had acquired a parcel of real property during the course of the marriage. The Wife asserted that this real property was marital property that should be equitably divided. In a separate count of the petition, the Wife also requested partition of the property.
The tract that the Husband had acquired during the marriage comprised approximately thirteen acres. The allegations of the Wife's petition included a metes and bounds description of the parcel of land in which she claimed an interest. The parcel of land described in the Wife's petition was approximately two acres in size. The two-acre parcel described in the Wife's petition formed a part of the Husband's thirteen-acre tract. Our record does not reflect whether the parties' residence was located within the boundaries of the smaller parcel or somewhere else within the larger tract.
The Husband filed an answer to the Wife's petition and a counterpetition for dissolution of marriage. The Husband's pleadings did not raise any issues about the size of the two parcels of land or about the proper legal description of the property. After the Wife filed her answer to the Husband's counterpetition, the trial court ordered the parties to mediation. At mediation, the parties reached an agreement that was memorialized in a written Settlement Agreement.
The Settlement Agreement contained a section titled "REAL PROPERTY" that provided as follows:
That the parties acquired a home during the course of the marriage, described as follows:
[Legal description omitted.]
That the parties agree that the Wife shall retain use, possession and ownership [of] the marital residence. That in exchange for the Husband conveying his interest in the former marital residence to the Wife, the Parties agree to the following;
1. That the marital home should be sold and the net sale proceedings [sic] divided between the Parties in the following manner.
A. 50.0% of the net sale proceeds shall be retained by the Wife as child support and the Husband's obligation to pay child support shall be satisfied, pursuant to this agreement.
B. 25.0% of the net sale proceeds shall be retained by the Wife as her share of the equitable distribution of the marital assets.
C. 10.0% of the net sale proceeds shall be retained by the Wife in exchange *1147 for her waiver of all forms of alimony.
D. 15.0% of the net sale proceeds shall be retained by the Husband as his share of the equitable distribution of the marital assets.
The legal description of the property that appears in the Settlement Agreement is of the two-acre parcel  the same description that the Wife used in her petition for dissolution of marriage.
On September 29, 2005, the trial court entered a final judgment that dissolved the parties' marriage. Among other things, the final judgment ratified the Settlement Agreement and incorporated it into the final judgment. In accordance with the provisions of the Settlement Agreement, the Husband executed a quitclaim deed transferring his interest in the two-acre parcel to the Wife.

THE PROCEEDINGS IN THE TRIAL COURT
Approximately two months after the entry of the final judgment, the Wife filed a "motion to amend and clarify final judgment." In her motion, the Wife alleged that when she signed the Settlement Agreement, she "assumed that she was receiving the entire parcel of land and home which is approximately 13.38 acres." The Wife alleged further that a title search prepared in connection with a proposed sale of the thirteen-acre tract had revealed that the parcel described in the Settlement Agreement and in the quitclaim deed that the Husband had executed in accordance with it was only a part of the entire tract. Because the sale of the former marital home could not be completed until the legal description was "corrected," the Wife asked the trial court to enter "an order which amends and clarifies the legal description of the former marital home" to include the entire thirteen-acre tract.
The trial court held a hearing on the Wife's motion. At the hearing, the Wife's attorney noted that when the parties obtained financing to build their residence, they had mortgaged the entire thirteen-acre tract. The Wife's counsel asserted that the Wife's intent was to receive the thirteen-acre tract in the settlement and that she had believed that a prior deed that had been used to prepare the pertinent documents described the entire tract, not just a two-acre portion of it. The Wife's counsel asked the trial court to order the Husband to execute a deed in favor of the Wife for the entire thirteen-acre tract or to modify the final judgment so that it could "act as [a] conveyance of [the Husband's] interest in the property." The Wife did not offer any testimony in support of her motion, but her attorney informed the trial court that the Wife was available to testify.
In response, the Husband's attorney disputed the assertions made by the Wife's attorney about the parties' intentions. The Husband's attorney observed that the Wife had mentioned only the two-acre parcel in her petition. Based on this fact, he argued that the smaller parcel was "the only thing . . . on the table" during mediation. To grant the relief requested by the Wife  the Husband's attorney continued  would amount to "allowing a transfer of property that wasn't contemplated by any of the parties here." Finally, the Husband's attorney specifically objected to granting the relief requested by the Wife in the absence of any evidence to support the statements made by the Wife's attorney about the parties' intentions.[1]
*1148 After considering the representations and arguments made by counsel for the parties, the trial court concluded: "Well, looks to me like it's just a [scrivener's] error by (inaudible), so I'll grant [the Wife's] motion." Neither of the parties presented any testimony at the hearing, and the trial court did not make any additional findings. The trial court entered an amended final judgment that ordered the Husband to execute a "corrective deed which corrects the legal description" in the quitclaim deed that he had already executed and "conveys his interest in the [thirteen-acre tract] to the Wife." The amended final judgment provided further that in the event the Husband refused to sign the corrective deed, then the amended final judgment would act as a conveyance of the Husband's interest in the property to the Wife.

DISCUSSION
There is no evidence in the record to support the trial court's conclusion that the use of the legal description of the two-acre parcel in the Wife's petition, in the Settlement Agreement, and in the quitclaim deed that the Husband had already executed was the result of "a scrivener's error."[2] As this court has previously observed, unsworn representations by counsel about factual matters do not have any evidentiary weight in the absence of a stipulation. See DiSarrio v. Mills, 711 So.2d 1355, 1357 (Fla. 2d DCA 1998); State v. T.A., 528 So.2d 974, 975 (Fla. 2d DCA 1988). Here, the Husband's attorney made a timely objection to the entry of an amended final judgment based on the unsworn statements made by the Wife's counsel. Although the Wife's attorney offered that the Wife was available to testify, the trial court proceeded to rule on the Wife's motion without hearing any evidence. Accordingly, we reverse the amended final judgment, and we remand this case to the trial court for further proceedings. See Faerber v. D.G., 928 So.2d 517, 518-19 (Fla. 2d DCA 2006).
Reversed and remanded.
SILBERMAN and KELLY, JJ., Concur.
NOTES
[1] The Husband's attorney made several other arguments in opposition to the relief requested in the Wife's motion, but these arguments are not material to our consideration of this case.
[2] We note that the trial court appears to have misconceived the issue before it as one involving a scrivener's error in the original final judgment. With respect to the disposition of the real property, the original final judgment had merely ratified and incorporated the Settlement Agreement made by the parties. Thus the issue that the trial court and the parties should have addressed was whether there were sufficient grounds to modify the Settlement Agreement. This is an issue on which we express no opinion.