LaROSE, Judge.
 

 Sean McCann appeals a nonfinal order awarding $1500 per month in temporary alimony to his wife, Hillary Crumblish-McCann. He contends that the trial court failed to make specific findings about the wife’s needs and his ability to pay. He also claims that the trial court incorrectly imputed $1000 in monthly income to him. We affirm, in part, and reverse, in part.
 

 Trial courts have broad discretion to award temporary alimony.
 
 See Driscoll v. Driscoll,
 
 915 So.2d 771, 773 (Fla. 2d DCA 2005). Where competent, substantial evidence demonstrates need and ability to pay, we will not reverse for absence of statutory findings in the written order.
 
 See id.; Broadfoot v. Broadfoot,
 
 791 So.2d 584, 585 (Fla. 3d DCA 2001);
 
 see also Gonzalez v. Gonzalez,
 
 834 So.2d 291, 292 (Fla. 3d DCA 2002) (holding specific findings not necessary where record adequately supports amount awarded).
 

 The trial court imputed income of $1000 per month to the husband because his mother provides rent-free housing. The husband argues that there is no evidence as to the value of the housing or that the free housing will continue.
 
 See Meighen v. Meighen,
 
 813 So.2d 173, 176 (Fla. 2d DCA 2002);
 
 Rogers v. Rogers,
 
 824 So.2d 902, 903 (Fla. 3d DCA 2002). However, the mother’s testimony that she was not charging anything for housing is sufficient evidence of ongoing free rent. The husband’s financial affidavit also listed his monthly rent expense as $1000. The record contains ample evidence to support the imputation of income.
 

 The husband also argues that the temporary award exceeds his ability to pay. His financial affidavit reflects monthly gross income as $3113. After taxes, his net income is $2733.34. Adding the imputed income raises his net income to $3733.34. The husband’s affidavit reflects monthly expenses, including rent, as $3994.14; this leaves a $260.80 deficit, before paying any support for the wife or children. We note that the husband’s monthly expenses include over $1332 for payments on a new Corvette and for another vehicle, a Tahoe.
 

 Our review of the husband’s financial information establishes that even without the automobile payments, the husband, facing a $1500 per month temporary alimo
 
 *172
 
 ny payment, would still have a several-hundred-dollar monthly deficit. Thus, the temporary award exceeds his ability to pay.
 
 See Hotaling v. Hotaling,
 
 962 So.2d 1048, 1051 (Fla. 2d DCA 2007) (holding trial court abused discretion in ordering temporary support that virtually exhausted husband’s income);
 
 Barclay v. Barclay,
 
 554 So.2d 1191, 1192 (Fla. 2d DCA 1989) (holding award exceeded ability to pay with $5666 gross earnings and $3278 mortgage payments leaving $2388 before paying $2500 alimony and child support);
 
 De Luca v. De Luca,
 
 722 So.2d 947, 948 (Fla. 3d DCA 1998) (finding abuse of discretion in ordering husband to pay alimony and child support in excess of net income).
 

 We reverse and remand with instructions to determine a reasonable amount of temporary support for the wife.
 

 NORTHCUTT and VILLANTI, JJ., Concur.