WALLACE, Judge.
Atef Aziz (the Husband) appeals an order for temporary relief entered in a proceeding for dissolution of marriage filed by Shereen Aziz (the Wife). The Husband raises two issues. First, he challenges the amounts of the circuit court’s awards of temporary alimony and child support to the Wife. Second, the Husband argues that the circuit court erred in deferring his request for an order requiring time-sharing with the parties’ two children pending the receipt of a home study and a parenting plan recommendation. On the second issue, we affirm the circuit court’s ruling without discussion. But we reverse the awards of temporary alimony and child support to the Wife because they appear to exceed the amount of the Husband’s net income.
We note that our review of this case has been rendered difficult by the manner in which the hearing on the motion for temporary relief was conducted. The Wife’s attorney set her motion for temporary support for a one-hour hearing. The Husband’s attorney added four more motions to the Wife’s hearing time, noticing her intent to use thirty minutes for these motions. In the course of an attempt to resolve an objection to the introduction of an exhibit made shortly after the hearing began, the circuit judge realized that the parties had not cooperated in sufficient discovery and document production to conduct a meaningful evidentiary hearing.
In an apparent effort to accomplish something useful at the hearing, the circuit judge shifted the conduct of the hearing to a mediation-style discussion of the parties’ positions, the content of their financial affidavits, and other matters. The attorneys did not object to this unusual approach to the temporary hearing. But it resulted in a record lacking actual evidence, stipula *977 tions, or express findings of fact.[1] Such an informal approach to the temporary hearing may have seemed reasonable under the circumstances, but it did not result in a record facilitating appellate review.
The hearing on the parties’ motions for temporary relief was held in August 2009. The Husband’s financial affidavit shows a gross income for 2008, the prior year, of $108,000. This figure matches the 2008 W-2 form which is in the record. But on line 1 of the affidavit, the Husband lists his year-to-date monthly gross income for 2009 as $6190. Annualizing this figure suggests that the Husband’s gross income for 2009 would be about $74,000.
The Husband is a dentist. His lawyer explained at the hearing that the Husband’s dental practice had been declining as a result of the downturn in the economy and that he was only working two days per week. The Husband’s net monthly income after allowable deductions was $4790. The Husband’s claimed total monthly expenses of $6459 exceeded his net income, and his financial affidavit reflects a deficit of $1669. However, the Husband’s monthly expenses included $842 for his daughters’ private school tuition and $1800 in support that he had been paying to the Wife. Deleting these items would put the Husband’s total monthly expenses at $3817, leaving him with a surplus of about $973 per month.
At the time of the temporary hearing, the Wife was unemployed and had no income. The Wife’s most recent financial affidavit reflects that her monthly expenses are $10,689. This figure appears to be exaggerated. It obviously exceeds the Husband’s gross income for 2008 when he was making more money than he was at the time of the hearing.
The order on appeal requires the Husband to pay temporary spousal support payments of $1500 per month and temporary child support payments of $1873 per month, in addition to paying the tuition for his daughters’ private school and the mortgages on the marital residence. The order does not reflect the exact amount of the tuition payment; however, the record indicates that the tuition is between $1250 and $1500 per month.
In his brief, the Husband calculates a total support payment of $4873 per month based on the circuit court’s order. Adding the mortgage payments for the marital home to this amount, the circuit court effectively ordered the Husband to pay approximately $8820 per month.[2] But the Wife did not present any evidence to refute the Husband’s claimed net monthly income of $4790.[3]
The circuit court’s only finding concerning the Husband’s ability to pay was as follows: “The Husband is a dentist and ... [cjounsel for the Husband has stated that the Husband has access to ‘plenty of
*978 credit.'” But the Husband’s ability to practice dentistry did not address the issue of his ability to pay the amounts ordered. And a party is not required to borrow money to pay alimony. Kinne v. Kinne, 599 So.2d 191, 194 (Fla. 2d DCA 1992).
“[T]emporary awards are among the areas where trial judges have the very broadest discretion....” Driscoll v. Driscoll 915 So.2d 771, 778 (Fla. 2d DCA 2005). Because the circuit court has broad discretion with regard to temporary relief in dissolution proceedings, we are reluctant to reverse the order for temporary spousal and child support. As this court has previously said:
[I]t is undoubtedly more difficult to establish an abuse of discretion or a harmful error of law in a temporary order. If the circuit court issues an order that comports with the evidence presented at the temporary hearing and provides a reasonable temporary resolution of the family’s needs in light of their apparent resources, we are unlikely to find any reversible error in the temporary award.
Ghay v. Ghay, 954 So.2d 1186, 1190 (Fla. 2d DCA 2007). Even in the absence of statutory findings in the written order, as in this case, this court will not reverse if the temporary award is supported by competent, substantial evidence in the record that demonstrates the need for support and the paying spouse’s ability to pay. See McCann v. Crumblish-McCann, 21 So.3d 170, 171 (Fla. 2d DCA 2009); Driscoll, 915 So.2d at 773; Piluso v. Piluso, 622 So.2d 117, 118 (Fla. 4th DCA 1993).[4]
Here, we must reverse the temporary awards of alimony and child support because the amount of the awards appears to exceed the amount of the Husband’s income. See McCann, 21 So.3d at 171-72; Perez v. Perez, 11 So.3d 470, 473 (Fla. 2d DCA 2009); Hotaling v. Hotaling, 962 So.2d 1048, 1051 (Fla. 2d DCA 2007); Bolton v. Bolton, 898 So.2d 1084, 1084-85 (Fla. 4th DCA 2005).
Accordingly, we reverse the temporary support awards and remand for further proceedings. We affirm the temporary order in all other respects. In the event of another temporary hearing on remand, the parties should bear in mind that “unsworn representations by counsel about factual matters do not have any evidentiary weight in the absence of a stipulation.” Daughtrey v. Daughtrey, 944 So.2d 1145, 1148 (Fla. 2d DCA 2006) (citing DiSarrio v. Mills, 711 So.2d 1355, 1357 (Fla. 2d DCA 1998)).
Affirmed in part, reversed in part, and remanded.
ALTENBERND and VILLANTI, JJ., Concur.

. Before the conclusion of the hearing, the Wife's attorney testified briefly in support of the Wife’s request for temporary attorney's fees.

. The actual amount may be slightly less depending upon the exact amount of the tuition expense.

. We have not overlooked the possibility that the Husband may have access to substantial amounts of cash. During one of the many exchanges between the attorneys at the temporary hearing, the Wife’s attorney accused the Husband of depleting or diverting most of a $45,000 money market account between April and August 2009 and of refusing to hand over copies of his bank account statements. In addition, the Husband's attorney admitted that the Husband had a $190,000 certificate of deposit that would mature in October. The Husband also owned a residence in Riverview that he had purchased for $150,000 cash in a foreclosure sale.

. However, we cannot overemphasize the value of a trial court's findings, either on the record or in a written order, to this court's limited review of temporary support orders.