SAWAYA, J.
 

 Arturo Rafael Hernandez (“Husband”) appeals the Final Judgment dissolving his marriage to his former wife, Sandra Hernandez (‘Wife”). We affirm in part, reverse in part, and remand for further proceedings.
 

 The facts and circumstances that led to the parties’ marital discord are not important to resolution of the issues before us. Suffice it to say that after the parties separated and Husband filed his Petition for Dissolution of Marriage, they attempted to mediate their differences, but the court-ordered mediation proved unsuccessful. The parties proceeded to final hearing, which resulted in the Final Judgment we now review.
 

 The Final Judgment requires, among other things, that Husband pay: 1) rehabilitative alimony for a period of 48 months, in the amount of $1,100 per month for the first year, $2,200 per month for the subsequent two years, and $1,100 for the fourth year; 2) child support in the amount of $1,261 per month; 3) mortgage payments in the amount of $5,000 per month until the marital home is sold; and 4) miscellaneous debt payments of $1,068 per month. Husband argues that the lack of evidence or testimony presented at the final hearing requires the Final Judgment be reversed in its entirety. Alternatively, Husband challenges particular aspects of the Final Judgment, contending that: the total amount of the payments he is required to make exceed his monthly net income; the trial court erred in awarding rehabilitative alimony; and the trial court erred in failing to award him any credits or setoffs regarding the total amount of the mortgage payments he makes prior to the sale of the marital home.
 

 As to the argument that the Final Judgment in its entirety must be reversed, the record reveals that the final hearing was conducted much like a mediation proceeding, with the trial judge engaging in a dialogue with the attorneys and the parties regarding what they would or would not agree to. In
 
 Aziz v. Aziz,
 
 45 So.3d 975 (Fla. 2d DCA 2010), the Second District Court addressed a similar situation and concluded:
 

 In an apparent effort to accomplish something useful at the hearing, the circuit judge shifted the conduct of the
 
 *315
 
 hearing to a mediation-style discussion of the parties’ positions, the content of their financial affidavits, and other matters. The attorneys did not object to this unusual approach to the temporary hearing. But it resulted in a record lacking actual evidence, stipulations, or express findings of fact. Such an informal approach to the temporary hearing may have seemed reasonable under the circumstances, but it did not result in a record facilitating appellate review.
 

 Id.
 
 at 976-77 (footnote omitted). The court further observed that “ ‘unsworn representations by counsel about factual matters do not have any evidentiary weight in the absence of a stipulation.’ ”
 
 Id.
 
 at 978 (quoting
 
 Daughtrey v. Daughtrey,
 
 944 So.2d 1145, 1148 (Fla. 2d DCA 2006)). Stipulations and agreements between the parties, however, may be binding and enforced by the court.
 
 See Yeakle v. Yeakle,
 
 12 So.3d 884, 885-86 (Fla. 4th DCA 2009);
 
 Steiner v. Steiner,
 
 638 So.2d 174, 175 (Fla. 1st DCA 1994);
 
 Armstrong v. Armstrong,
 
 623 So.2d 1216, 1217 (Fla. 4th DCA 1993);
 
 Rhoden v. Rhoden,
 
 538 So.2d 1274, 1275 (Fla. 1st DCA 1988).
 

 We agree with Husband that there was little, if any, evidence or testimony presented at the final hearing. This deficiency does not require reversal of the Final Judgment in its entirety because the transcript of the hearing reveals that Husband agreed with Wife regarding certain rulings contained in the judgment. However, as previously mentioned, Husband alternatively challenges several parts of the judgment, contending that he did not agree to those parts, they are not supported by evidence in the record, or there are insufficient factual findings in the final judgment.
 

 As to Husband’s contention that the total amount of his payments exceed his net income, we note at the outset that Husband agreed to pay child support, and he does not contest the amount of the ordered payments. Accordingly, that part of the Final Judgment is affirmed without further discussion. Husband simply argues that when the amount of his other financial obligations are added to the amount of the child support he agreed to pay, the total amount exceeds his net monthly income. He, therefore, argues that the other payments must be reduced. The trial court failed to make any finding regarding the amount of Husband’s monthly income and no stipulation or agreement as to that amount is found in the record. Thus, we are unable to determine whether the total amount of Husband’s monthly payments exceed his net monthly income or whether he has the ability to pay that amount each month.
 

 Regarding the rehabilitative alimony award, although Husband agreed that Wife should receive rehabilitative alimony, he did not agree to the specific terms contained in the Final Judgment regarding the time period he would have to pay alimony and the escalating and de-escalat-ing amounts over the four-year period. We note, parenthetically, that Wife does not argue that Husband agreed to this plan and the varying amounts of the payments. Moreover, there are no findings in the Final Judgment relating to the rehabilitative alimony award as required by section 61.08, Florida Statutes (2007). Finally, there is nothing in the record regarding any credits to which Husband may be entitled for his mortgage payments on the marital home, pursuant to section 61.077, Florida Statutes (2007).
 

 We reverse that part of the Final Judgment regarding the amounts of rehabilitative alimony payments and the time period for those payments and remand this case to the trial court to conduct an evi-dentiary hearing so that a rehabilitative
 
 *316
 
 alimony plan can be established and to make the necessary findings required by section 61.08, Florida Statutes. We also reverse that part of the Final Judgment ordering Husband to make the $5,000 per month mortgage payments and the specific amount of $1,068 for the other debt obligations. During the evidentiary hearing on remand, the trial court should determine the amount of Husband’s net monthly income along with his ability to pay the mortgage and debt obligations, and adjust the amounts Husband is ordered to pay accordingly. The trial court should also determine whether Husband is entitled to credits or setoffs for his mortgage payments on the marital home, in accordance with section 61.077, Florida Statutes.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 ORFINGER and JACOBUS, JJ., concur.