NORTHCUTT, Judge.
Richard Payne appeals the final judgment dissolving his seventeen-year marriage to Erin Payne. We affirm the denial of Mr. Payne’s request for permanent alimony, but we reverse the denial of attorney’s fees.
Mr. Payne argues that the trial court abused its discretion in failing to award him permanent alimony based on the disparity in the parties’ incomes. We acknowledge the presumption in favor of awarding alimony after a long-term marriage. See § 61.08(4), Fla. Stat. (2010) (classifying as long-term a marriage of seventeen years or more and codifying a rebuttable presumption in favor of alimony). But the starting point for every alimony determination is need and ability to pay. See § 61.08(2) (“In determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance.”); see also Austin v. Austin, 12 So.3d 314, 317 (Fla. 2d DCA 2009).
Here, the trial court found that Mr. Payne failed to show a need for alimony over and above his own earning capacity. Mr. Payne takes issue with the court’s factual findings regarding his earning capacity, but the findings were supported by competent, substantial evidence. See Schlagel v. Schlagel, 973 So.2d 672, 675 (Fla. 2d DCA 2008). A trial court in a divorce proceeding is not required to equalize the financial positions of the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980). In this close case, we cannot say that the court abused its discretion. See Lewis v. Lewis, 485 So.2d 855, 855 (Fla. 2d DCA 1986) (“[W]e recognize that this is a close case. It is for that very reason that we decline to find the trial judge abused his discretion....”). We therefore affirm the denial of alimony.
It is clear, however, that Mr. Payne is in need of a contribution toward his attorney’s fees. See Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991) (finding abuse of discretion in failing to award attorney’s fees in light of disparity between parties’ present incomes and lack of ready assets in equitable distribution). We reverse and remand with directions to award attorney’s fees to Mr. Payne in an amount to be determined by the trial court.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and WALLACE, JJ., Concur.