DAVIS, Judge.
Lindsey Blackburn, the Former Wife, challenges the final judgment of dissolution of her marriage to Matthew Blackburn, the Former Husband, in which the trial court denied her exceptions to the recommended order of the magistrate and adopted the magistrate’s recommendations. Because the final judgment adopting the recommendations of the magistrate erroneously waives the statutory requirement that the parties allege a substantial change in circumstances to obtain any future modification of time-sharing, we reverse. The magistrate also considered matters related to the equitable distribution scheme. We affirm the portion of the final judgment adopting those recommendations without further comment.
At the time of the filing of the petition for dissolution, the parties had been married for approximately five years and had two children. For various reasons the parties exhibited a volatile relationship toward one another throughout the dissolution and other related court proceedings. As a result, the temporary time-sharing arrangements in place at the time of the magistrate’s final report and recommendations involved a fifty-fifty time-sharing split that resulted in a daily transfer of the children at the Largo Police Headquarters.
The magistrate specifically found that the current temporary, rotating time-sharing schedule was not in the best interests of the children and concluded that a different temporary schedule used by the parties had provided a more stable environment. That schedule employed a weekly rotation of the children between the parties. The magistrate evaluated the parents on the majority of the factors outlined in section 61.13(3), Florida Statutes (2010). His recommendations imply that he found that the consideration of these statutory factors as a whole did not weigh in favor of or against either parent.
The magistrate therefore recommended a weekly rotating time-sharing schedule and shared parental responsibility. He further recommended that the Former Husband pay the Former Wife $148 per month in child support. But the magistrate also recommended that because the proposed time-sharing schedule may not work well and because neither party was completely settled into their postdisso-lution lives, the parties should be permitted to freely seek future modification of the schedule based solely on the best interests of the children without also having alleged a substantial change in circumstances. This was error. See § 61.13(3) (“A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.”).
Furthermore, despite recognizing that the parties were unable to reach an agreement on the children’s schools and daycare arrangements, the magistrate erroneously declined to set a holiday time-sharing schedule as requested. As a result, the parties who already have exhibited animosity toward one another are left with the responsibility of setting a schedule by which they can share time with the children on major holidays.
*943 Accordingly, we reverse the portion of the final judgment of dissolution addressing the time-sharing and custody arrangements. On remand the trial court should set time-sharing and holiday schedules that meet the requirements of section 61.13 and that are not subject to modification without the moving party’s alleging and establishing a substantial change in circumstances.
Affirmed in part, reversed in part, and remanded.
WHATLEY and MORRIS, JJ„ Concur.