NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATTHEW K. MILLS,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D13-3100
                                     )
TRACEY K. JOHNSON f/k/a TRACEY K.    )
MILLS,                               )
                                     )
            Appellee.                )
_____)

Opinion filed July 25, 2014.

Appeal from the Circuit Court for Lee
County; Elisabeth Adams, Judge.

Matthew P. Irwin and Sam R. Assini of
Men's Rights Law Firm, Cape Coral, for
Appellant.

Robert L. Donald of Law Office of Robert L.
Donald, Fort Myers, for Appellee.

BLACK, Judge.

          Matthew Mills (Former Husband) appeals the final judgment of dissolution

of marriage and order adopting the magistrate's amended report.  The Former Husband

contends that the trial court failed to properly impute income to Tracey Johnson (Former

Wife) when calculating the child support award, that there was not competent, substantial evidence of the Former Wife's need for alimony and the Former Husband's ability to pay the alimony award, and that the time-sharing schedule is not in the best interests of the minor children and is otherwise flawed because it does not include holiday time-sharing. We reverse and remand as to the alimony award and the failure to set a holiday time-sharing schedule; we affirm the remaining issues without comment.

We review a trial court's decision to accept or reject a magistrate's recommendations for an abuse of discretion. Carls v. Carls, 890 So. 2d 1135, 1138 (Fla. 2d DCA 2004). "In determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance." § 61.08(2), Fla. Stat. (2011); accord Payne v. Payne, 88 So. 3d 1016, 1017 (Fla. 2d DCA 2012). The magistrate failed to make said specific factual findings, instead stating without any support that the Former Husband has the ability to pay.

Pursuant to the Former Husband's financial affidavit and his gross income as determined by the magistrate, the Former Husband has a monthly deficit even without considering alimony or child support. Thus, even if the Former Wife established need, the trial court abused its discretion in accepting and adopting the magistrate's recommended order because there is no competent, substantial evidence to support the magistrate's determination that the Former Husband has the ability to pay. See Kearley v. Kearley, 745 So. 2d 987, 988 (Fla. 2d DCA 1999) ("We conclude that the trial court abused its discretion in awarding the appellee $1400 per month in alimony. According

- 2 -

to the financial affidavit, appellant's monthly net income is $3,380.41.  After deducting his average monthly expenses from his net income, including the $1400 alimony, appellant is left with a deficiency of $818.59 per month."); see also McCann v. Crumblish-McCann, 21 So. 3d 170, 172 (Fla. 2d DCA 2009) (holding that the trial court abused its discretion in ordering temporary alimony that exceeded the husband's ability to pay); Hotaling v. Hotaling, 962 So. 2d 1048, 1051 (Fla. 2d DCA 2007) (same).

Additionally, the magistrate based the alimony award primarily on the fact that there is a disparity in the parties' income.[1]  However, "[a] trial court in a divorce proceeding is not required to equalize the financial position of the parties." Payne, 88 So. 3d at 1017 (citing Canakaris v. Canakaris, 382 So. 2d 1197, 1204 (Fla. 1980)). Unfortunately the parties lived well beyond their means during the marriage and as a result incurred large debts.  It is also clear "that both parties remain in a situation where their income cannot cover expenses.  Nonetheless, placing [the Former Husband] in a greater income deficiency will not solve either party's financial difficulties." Kearley, 745 So. 2d at 988.

Furthermore, the trial court erred in accepting and adopting a time-sharing schedule that did not address holiday time-sharing.  It is undisputed that the Former Husband failed to raise this issue in his exceptions to the magistrate's report. Nonetheless, if the errors in the magistrate's report are clear on its face, the trial court errs in adopting the report.  See Torres v. Torres, 98 So. 3d 1171, 1171-72 (Fla. 2d

---

[1]The magistrate also emphasized that the Former Husband agreed to assume a greater share of the marital debt.  This consisted of over $11,000 of credit card debt incurred jointly by the parties during the marriage.  This is not exemplary, as the magistrate has implied, of a situation in which the Former Husband voluntarily assumed large debts to avoid alimony.

DCA 2011). Such is the case here. Cf. Crittenden v. Davis, 89 So. 3d 1098, 1101 (Fla. 4th DCA 2012) (" '[W]here visitation is ordered, the non-custodial parent's right to the child on rotating holidays has become so routine and necessary that to deny it requires factual findings justifying that decision.' " (quoting Todd v. Guillaume-Todd, 972 So. 2d 1003, 1006 (Fla. 4th DCA 2008))); Schumaker v. Schumaker, 931 So. 2d 271, 274 (Fla. 5th DCA 2006) (holding that the trial court erred in failing to address holiday visitation). In light of the fact that the magistrate determined that the parties have a "contentious parenting relationship," it seems particularly imperative for the magistrate to recommend a holiday time-sharing schedule. See Blackburn v. Blackburn, 103 So. 3d 941, 942 (Fla. 2d DCA 2012) ("[T]he magistrate erroneously declined to set a holiday time-sharing schedule as requested. As a result, the parties who already have exhibited animosity toward one another are left with the responsibility of setting a schedule by which they can share time with the children on major holidays." ).

Therefore, we reverse the trial court's award of alimony and direct the trial court to revisit the issue on remand. We also reverse the time-sharing schedule to the extent that it does not address holiday time-sharing and remand for the trial court to set a holiday time-sharing schedule.

Affirmed in part; reversed and remanded in part.

NORTHCUTT and SILBERMAN, JJ., Concur.