PER CURIAM.
In this action for child support and spousal support unconnected with dissolution, the husband timely appeals from four non-final, appealable orders: (1) granting *864 the wife’s motion for temporary alimony and child support and retroactive alimony and child support; (2) finding the husband in contempt; (3) garnishing the husband’s thrift savings plan; and (4) withholding income for support.[1] Although most of the husband’s arguments were not preserved for review, he did preserve one meritorious argument: that the amount of temporary support awarded appears to exceed his ability to pay. This error appears to be attributable, at least in part, to the trial judge’s reliance on an income figure for the husband that was contrary to the husband’s uncontroverted evidence regarding his then-current income. See Breitenbach v. Breitenbach, 838 So.2d 1266 (Fla. 2d DCA 2003) (holding that although trial judges have broad discretion in setting temporary alimony awards, any such award must be supported by competent, substantial evidence that demonstrates the need for support and the paying spouse’s ability to pay). The trial judge appears to have compounded the error by using a gross income figure for the husband. See, e.g., Kingsbury v. Kingsbury, 116 So.3d 473, 474 (Fla. 1st DCA 2013) (“The ability to pay alimony should be based on the party’s net income.”). As we did in Clore v. Clore, 115 So.3d 1100, 1105 (Fla. 5th DCA 2013), we “vacate the current temporary relief order and remand for [hjusband to make full and current disclosure of his income and expenses, for the trial court to re-evaluate temporary support in light of better information and to enter a new order.” We also reverse the contempt order and income withholding order, which were entered in reliance on the temporary custody and child support order. We affirm the retroactive alimony and retroactive child support awards in all respects.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
TORPY, C.J., LAWSON and LAMBERT, JJ., concur.

. The husband separately appealed each order in case numbers 14-742, 14-827, 14-829, and 14-830. This court has jurisdiction to review non-final orders awarding immediate monetary relief. Fla. R. App. P. 9.130(a)(3)(C)(iii). This court consolidated the four appeals under case number 14-742.