DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIELA SOUTO COE,**
Appellant,

v.

**REINIER NICOLAAS RAUTENBERG,**
Appellee.

No. 4D22-510

[February 15, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 50-2017-DR-002714-XXXX-SB.

Nancy A. Hass of Nancy A. Hass, P.A., Fort Lauderdale, for appellant.

No appearance for appellee.

DAMOORGIAN, J.

Daniela Souto Coe ("Former Wife") appeals the final judgment dissolving her marriage to Reinier Nicolaas Rautenberg ("Former Husband"). On appeal, Former Wife argues the trial court erred in: (1) ordering a bi-weekly rotating timesharing schedule; (2) declining to set a holiday or school break schedule; (3) distributing the marital Bitcoin assets and liabilities; (4) failing to properly address Former Wife's pending motions; and (5) awarding child support without making certain findings. We affirm on the first issue without further comment. For the reasons discussed below, we reverse on the remaining issues.

The parties were married in 2005 and have two children. Former Wife filed a petition for dissolution of marriage in March 2017, requesting therein an award of child support "retroactive to the date when the parties last resided together or the last 24 months prior to the filing of the Petition for Dissolution of Marriage." The petition also requested the trial court equitably distribute the parties' marital assets which, at the time, primarily consisted of 10 Bitcoins.

During the pendency of the dissolution proceedings, the trial court entered an agreed order for temporary relief requiring Former Husband to pay $720 per month in temporary child support. The agreed order also provided as follows regarding retroactive child support: "The parties agree to the retroactive period of January 2016 through December 2017, and that the amount of retroactive child support . . . due from Husband to Wife during this period is reserved until further agreement of the parties or Court order."

Former Husband did not comply with the temporary child support order, prompting Former Wife to file a motion for contempt and for past due child support. Following a hearing, the trial court entered an agreed order awarding Former Wife $12,704.07 in past due child support for the period of January 1, 2018, through December 31, 2019. The agreed order also allowed Former Wife to "convert the equivalent portion of marital Bitcoins in her possession . . . as the Husband's payment of the past due child support." At that time, $12,704.07 was the equivalent of 1.2 Bitcoins.

The matter was ultimately set for a final hearing. Prior to the final hearing, Former Wife filed several motions, three of which are relevant to this appeal. First, Former Wife moved for child support retroactive to the date when the parties no longer resided together in the same household. Second, Former Wife moved for past due child support for the period of January 2020 through November 2021. Third, Former Wife moved for reimbursement of the $1,851.20 she spent to recover the Bitcoin asset.[1]

The matter proceeded to a final hearing as scheduled, with both parties appearing pro se. At the beginning of the hearing, the trial court advised the parties "we're going to start off with [Former Wife's] motions" and asked that the parties "save your objections for your response." Consistent with her motions, Former Wife requested past due child support for "2020 and 2021" as well as retroactive child support for the "two years prior" to the filing of the petition for dissolution of marriage. After hearing argument from Former Husband, the trial court asked Former Wife if she had "any final word on your motion," to which Former Wife reiterated her position that she was seeking retroactive support "from the date of filing to two years, which is what the statute allows." The trial court then stated it would take the issue under advisement, and proceeded to address the equitable distribution and timesharing issues.

---

[1] The hard drive containing the Bitcoins was damaged at some point, and Former Wife hired a company to recover the data.

As to equitable distribution of the Bitcoin asset, the parties agreed the marital estate originally consisted of 10 Bitcoins. Both parties also agreed that Former Husband's original share of the asset (5 Bitcoins) had since been reduced by 1.2 Bitcoins (as payment for past due child support), thus leaving Former Husband with 3.8 Bitcoins as his equitable share of the asset. Former Wife also requested, consistent with her motion, that Former Husband reimburse her half of the cost to recover the Bitcoin hard drive. Notably, Former Husband told the trial court "[i]t was never an issue" when asked if he had "an objection to paying half the cost."

Following the hearing, the trial court entered a final judgment of dissolution of marriage wherein it did the following. First, the trial court ordered a bi-weekly rotating timesharing schedule. With the exception of Mother's Day and Father's Day, the trial court declined to set a holiday or school break timesharing schedule. Instead, the final judgment provided as follows: "Requests to alter this schedule may be temporarily accomplished by the parties only through a prior written agreement of the party seeking to temporarily modify the alternating schedule."

Second, the trial court awarded Former Wife $22,954.75 in past due child support for the period of December 31, 2019, through February 1, 2022. The final judgment did not address Former Wife's motion for child support retroactive to the date when the parties no longer resided together in the same household.

Third, the trial court equitably distributed the Bitcoin asset as follows:

> The [parties] both testified that their marital estate assets originally consisted of 10 marital Bitcoins . . . .
>
> . . . .
>
> The 1.2 Bitcoins listed by the Wife as a non-marital asset will remain a non-marital asset of the Wife. The remaining 8.8 Bitcoins are determined to be marital property, each party initially entitled to 4.4 Bitcoins. However, before distribution to the Husband, the [Wife] is entitled to a set-off [of] $22,954.75, before the distribution of the 4.4 bitcoins from the [Wife] to the [Husband].

The final judgment did not mention Former Husband reimbursing Former Wife for half the cost of recovering the Bitcoin hard drive.

Finally, the trial court ordered Former Wife to pay child support in the amount of $402.80 per month for both children. Neither the final judgment nor the child support guidelines worksheet attached thereto stated the amount of child support that would be owed for the youngest child after the eldest child was no longer entitled to receive support.

The standard of review regarding equitable distribution, timesharing, and child support is abuse of discretion. *See O'Neill v. O'Neill*, 305 So. 3d 551, 553–54 (Fla. 4th DCA 2020) (equitable distribution and child support); *Krift v. Obenour*, 152 So. 3d 645, 647 (Fla. 4th DCA 2014) (timesharing). To the extent Former Wife argues the trial court violated her right to due process, we apply the *de novo* standard. *Dobson v. U.S. Bank Nat'l Ass'n*, 217 So. 3d 1173, 1174 (Fla. 5th DCA 2017).

Former Wife first argues the trial court erred in failing to set a holiday and school break timesharing schedule. We agree. Despite recognizing at the hearing that the parties had an acrimonious parenting relationship, the trial court declined to set a holiday or school break timesharing schedule in the final judgment. Instead, the trial court left the responsibility of setting such a schedule to the parties. This was error. *See Blackburn v. Blackburn*, 103 So. 3d 941, 942 (Fla. 2d DCA 2012) ("[T]he magistrate erroneously declined to set a holiday time-sharing schedule as requested. As a result, the parties who already have exhibited animosity toward one another are left with the responsibility of setting a schedule by which they can share time with the children on major holidays."); *Mills v. Johnson*, 147 So. 3d 1023, 1025 (Fla. 2d DCA 2014) ("In light of the fact that the magistrate determined that the parties have a 'contentious parenting relationship,' it seems particularly imperative for the magistrate to recommend a holiday time-sharing schedule."). We accordingly reverse on this issue and remand for the trial court to set a holiday and school break timesharing schedule.

Former Wife next argues the trial court miscalculated the number of marital Bitcoins that were subject to equitable distribution. Specifically, she argues that instead of deducting the 1.2 Bitcoins—previously awarded to Former Wife as payment for past due child support—from the original 10 marital Bitcoins and then equally distributing the remaining 8.8 Bitcoins, the trial court should have deducted the 1.2 Bitcoins from Former Husband's original share of 5 Bitcoins, thus leaving Former Husband with 3.8 Bitcoins, not 4.4 Bitcoins. Former Wife further argues the trial court erred in not requiring Former Husband to reimburse her for half the cost of recovering the Bitcoin hard drive. We agree.

By deducting the 1.2 Bitcoins from the original 10 marital Bitcoins and then dividing the remaining 8.8 Bitcoins, the trial court improperly diminished Former Wife's equitable distribution of the Bitcoin asset. This is because Former Wife had already been awarded the 1.2 Bitcoins from *Former Husband's* share of the asset as payment for past due child support. In other words, Former Husband's original marital share (5 Bitcoins) had already been reduced to 3.8 Bitcoins at the time of the final hearing. Therefore, the trial court should have awarded Former Wife her original share of the asset (5 Bitcoins) and Former Husband 3.8 Bitcoins. The trial court further erred in not requiring Former Husband to reimburse Former Wife for half the cost of recovering the Bitcoin hard drive, especially considering Former Husband agreed to reimbursing half of the cost at the final hearing. We accordingly reverse on this issue and remand with instructions that the trial court award Former Wife 5 Bitcoins and Former Husband 3.8 Bitcoins, and order Former Husband to reimburse Former Wife half of the cost of recovering the Bitcoin hard drive. Consistent with the final judgment, before distributing the 3.8 Bitcoins to Former Husband, the trial court shall award Former Wife the equivalent of $22,954.75 in Bitcoin from Former Husband's share of the asset as payment for past due child support.

Former Wife next argues that by asking the parties to refrain from objecting, the trial court "refus[ed] to permit the Wife to have each of her Motions heard, separately, and, fully," thereby violating her right to due process. This, in turn, also resulted in the trial court failing to rule on Former Wife's motion for retroactive child support. We disagree with Former Wife's due process violation argument. Nonetheless, the trial court should have ruled on Former Wife's motion for child support retroactive to the date when the parties did not reside together in the same household, especially considering the order for temporary relief reflects the parties agreed Former Husband owed retroactive child support for this period: "The parties agree to the retroactive period of January 2016 through December 2017, and that the amount of retroactive child support . . . due from Husband to Wife during this period is reserved until further agreement of the parties or Court order." *See* § 61.30(17), Fla. Stat. (2022) ("In an initial determination of child support, . . . the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition."). We accordingly reverse and remand for the trial court to determine the amount of retroactive child support due from Former Husband for the period of January 2016 through December 2017.

Former Wife lastly argues the trial court erred in ordering her to pay $402.80 per month in child support for both children without stating, in either the final judgment or the child support guidelines worksheet, the amount of child support that will be owed for the youngest child after the eldest child is no longer entitled to receive support. We agree. *See* § 61.13(1)(a)1.b., Fla. Stat. (2022) ("All child support orders . . . entered on or after October 1, 2010, *must* provide . . . . [a] schedule, based on the record existing at the time of the order, stating the amount of the monthly child support obligation for all the minor children at the time of the order *and the amount of child support that will be owed for any remaining children after one or more of the children are no longer entitled to receive child support* . . . ." (emphasis added)). We accordingly reverse on this issue and remand for the trial court to make the required finding.

*Affirmed in part, reversed in part, and remanded.*

GROSS and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6